ASA BRIERLY *vs.* UNION RAILROAD COMPANY.

PROVIDENCE—APRIL 15, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Negligence. Former Judgment. Husband and Wife. Loss of Service.*

A husband is not estopped to maintain an action for loss of services of his wife, through negligence of defendant, by reason of a judgment recovered by defendant against the wife in an action brought by her for injuries arising out of the same accident. The cause of action, though based upon the same occurrence, is not the same, nor is the husband privy to the wife in blood, estate, or law.

TRESPASS ON THE CASE for loss of services of wife. Heard on petition of defendant for new trial, and denied.

DOUGLAS, J. This action is brought to recover for loss of services and expenses caused by injuries to the plaintiff's wife, from being thrown from a street car of the defendant corporation. The wife was standing between the seats of an open car as it rounded a curve, and was thrown to the street and injured. The jury found for the plaintiff, and assessed the damages at the sum of $900. The defendant now prays for a new trial on the ground that the verdict is against the law and the evidence, and on account of alleged errors in the charge of the presiding judge.

It was claimed on behalf of the plaintiff that his wife was holding to the back of the seat in front of her, and that the car was so propelled that the wheels struck the curve with a violent shock, and her hold was thus broken and the fall ensued.

The evidence is conflicting, both upon the question of her having hold of the seat and upon the speed or regularity of the movement of the car. Most of the witnesses who describe

the occurrence say that the speed was not excessive, and that no greater shock was perceptible than is usual and inevitable in striking a curve in the track; but there is no physical fact or circumstance in the case which enables us to say that these witnesses were not mistaken; and as the jury were entitled to credit the testimony of the lesser number of witnesses who testify to the contrary, we can not reverse their decision on the ground that the verdict is against the evidence.

At the trial the defendant offered, as a bar to the action, a former judgment recovered by the defendant against the wife in an action which she had brought to recover damages for injuries which she had suffered from the same accident, and requested the presiding judge to charge the jury to that effect. He refused to do so, and we think correctly. The cause of action which the husband claimed, though based upon the same occurrence, was not the cause of action which the wife had sued on. He had no control over her claim or her suit, *Cooney* v. *Lincoln,* 20 R. I. 186, and was in no way estopped by the judgment against her. He was not privy to her in blood, estate, or law.

*Pettengill* v. *Yonkers,* 15 N. Y. State Rep. 854, is cited as sustaining the defendant's claim. It is so interpreted in Van Fleet on Former Adjudication, § 513, but an examination of the report of the case shows that no such point was decided. The case was an appeal from a verdict of a jury and an order denying a new trial, in a case brought by a husband for loss of the wife's services. In 4 N. Y. State Rep. 830, the same court had heard a similar appeal from a verdict and order in a case brought by the wife for her damages from the same accident, and the law as to the defendant's liability was there commented upon and explained. The opinion in this case, therefore, means nothing more than that the former case, being identical in its main issues with the latter, is a controlling precedent. It does not mean that the second jury were bound to find as the first jury had done.

The question came up in two New York cases, and the view which we approve was taken.

In *Neeson* v. *Troy,* 29 Hun. 173, the plaintiff brought the

action to recover his damages resulting from the loss of his wife's services, occasioned by an injury sustained by her by reason of the defendant's negligence. Upon the trial a judgment roll in a former action brought by the wife against the defendant, in which she recovered damages for the same injury, was, against the defendant's objection and exception, received in evidence as conclusively establishing that the wife had been injured through the defendant's negligence. It was held that, as the husband was not a privy in blood, representation, estate, or law, to his wife, the court erred in so admitting the judgment roll in evidence.

*Groth* v. *Washburn*, 39 Hun. 324, is to the same effect. The principle that husband and wife are not in privity with each other so that a judgment in the case of one shall bind the other is recognized in *Stamp* v. *Franklin*, 144 N. Y. 607.

The judge likewise refused to charge, as requested by the defendant: "If the jury find that the car was not going at a careless, dangerous, and improper rate of speed, the verdict must be for the defendant company."

We think this request also was properly refused for the reason given by the judge in refusing it—that the jury might find that irregularity of motion, not excessive speed, caused the injury.

The petition for a new trial is denied, and the case will be remanded to the Common Pleas Division for judgment on the verdict.

*Charles E. Gorman, James T. Egan, and C. Woodbury Gorman,* for plaintiff.

*Henry W. Hayes, Frank T. Easton, Lefferts S. Hoffman,* for defendant.