U. S. F. & G. Co. *v.* Attala County Drainage Dist. No. 2.

(Division A. March, 6, 1933.)

[146 So. 460. No. 30447.]

Jas. **T.** Crawley and **D. E.** Crawley, both of Kosciusko, and **Jas. A. Covington, Jr.,** of Meridian, for appellant.

Smythe & Smythe and **C. E. Morgan,** all of Kosciusko, for appellee.

Argued orally by **D. E. Crawley**, for appellant, and by **C. E. Morgan**, and **J. G. Smythe, Jr.**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee is a drainage district organized under chapter 197 of the Laws of 1912. It entered into a contract with Brown, by which he agreed, for a stipulated price, to construct certain canals, ditches, and drains for the appellee, two of the provisions of which are:

"Current Estimates.

"14. During the progress of the work, and about once a month the engineer will make an approximate estimate of the amount and value of the work done. The engineer may, at his discretion, defer a current estimate until the value of the work done since the last previous estimate is in excess of five hundred dollars.

"As soon as practicable after a current estimate is made by the engineer, but within thirty days from date of the estimate the Board shall pay to the contractor eighty (80) per cent of the value, at the price or prices, stipulated in the contract, of the work done and materials incorporated into the work since the last previous estimate. The Board will retain twenty (20) per cent of the amount of the engineer's estimate until the work has been entirely completed to the satisfaction of the engineer and the Board, and is free from all liens.

"Final Estimates.

"15. As soon as practicable after the work covered by

the contract has been completed in a manner satisfactory to the engineer and the board, the engineer will prepare a final estimate showing the total amount of work done under the contract and the value thereof and the amount due the contractor under such estimate. Thereupon the Board shall pay to the contractor the amount due him under the final estimate and the acceptance by the contractor of such payment shall be a release to the Board from all claims against the district on account of this contract. All prior estimates and payments shall be superseded by, and shall be subject to correction in final estimate.''

Brown executed a bond to the appellee for the performance of the contract on which the appellant is surety. During the progress of the work, the appellee paid Brown the stipulated per cent. on its engineer's estimate of the value of the work Brown had then done. Before the work was completed, this engineer was discharged, and another appointed, who checked up the former engineer's estimates, and found them incorrect, in that he had overestimated the value of the work done by approximately thirty per cent. The appellee thereafter made Brown no further payments under the contract, except the sum of two thousand dollars, which was applied by Brown to the payment of persons who had furnished labor and material for the work. Brown completed the construction work required by the contract, but failed to pay a number of persons to whom he was indebted for labor and material therefor, and who were paid by the appellant under its statutory liability on the bond.

The amount which the appellee owed Brown on the completion of the work was insufficient to cover the payments so made by the appellant, and it sued the appellee therefor, alleging that the appellee had violated the contract in making payments to Brown, the obligation of which inured to the appellant's benefit.

The appellee, by its answer, admitted the appellant's right to the money still due by it to Brown, and tendered it to him, but denied any further liability to the appellant, denying that it had made any payments to Brown in violation of the contract. The court's decree permitted the appellant to recover the amount tendered by the appellee, but nothing more.

The validity of the appellee's agreement to make Brown partial payments on the work as it progressed is not challenged; and the appellee's obligation thereunder to the appellant was to make no payments to Brown before the completion of the work to be done under the contract, except on approximate estimates by its engineer of the amount and value of the work done. This obligation it complied with, unless the engineer's estimates be now rejected, and the appellee be held to account to the appellant on the basis of estimates to be now made by the court, on evidence as to what the engineer's estimates should have been. No fraud or collusion in the making of these estimates on the part of the appellees are shown, and the contract clearly vests it with the right to rely, in making payments to Brown, on the judgment of its engineer as to the value of the work done by him, in the absence of notice to it, or knowledge by it, of facts equivalent thereto, that the engineer's estimates were not made in good faith. The word "estimate," even though not preceded by the word "approximate," precludes accuracy, and is defined by Webster as "a valuing or rating esp. from incomplete data; rough or approximate calculation."

In construction contracts, "It is only equivalent to a provision, that the company shall advance, from time to time as the work progresses, for a stipulated proportion of the work, which they shall by their engineer adjudge to be done. All that is requisite to the validity of such estimates is, that they were made bona fide, and with the intention of acting according to the exigency of the con-

tract." 1 Redfield, on L. Rws. (6 Ed.), section 116; O'Hehir v. Cent. N. E. R. Co., 152 App. Div. 677, 137 N. Y. S. 627; Shipman v. State, 43 Wis. 381; 21 C. J. 1049. This conclusion is reinforced by the provision of the contract that "all prior estimates and payments shall be superseded by, and shall be subject to correction in, final estimate."

Affirmed.