## BROWN v. ATTALA DRAINAGE DISTRICT No. 2.

(Division A. April 3, 1939.)

[187 So. 529. No. 33588.]

Thos. L. Haman, of Houston, for appellant.

W. J. **Evans**, of Calhoun City, for appellant.

C. E. Morgan, of Kosciusko, for appellee.

**McGowen, J.,** delivered the opinion of the court.

Appellant Brown filed his bill in the chancery court against appellee. The court below sustained the plea of res adjudicata as a bar or estoppel to the suit, the cause being heard separately on that plea, and from the decree dismissing the bill appeal is prosecuted here.

The substance of the bill was that Brown was the contractor with the officials of the drainage district for the construction of certain ditches and laterals, which contract he alleged had been fully performed by him.

He alleged that as the work progressed its engineer made estimates of the value of such work; that these estimates were practically correct, but that on the completion of the contract by him the district caused an estimate to be made by a new engineer, who discarded

the estimates of the former engineer, and resurveyed the work. He left out of his calculation the actual construction which had been performed by him in the discharge of his contract. He alleged that the estimate made by the last engineer reduced the amount of yardage by 120,723.5 cubic yards. He was to be paid for the yardage moved in the construction, and he alleged that new work had been done by him, permissible under the contract, for which the district was liable, and, in effect, alleged that there was $14,000 more due him than had been accounted for by the district to him; that the estimate was not a final estimate within the meaning of the contract.

He further charged that the district was entitled to a credit of $5007 which it had paid to the United States Fidelity & Guaranty Company, the surety on his performance bond, in satisfaction of a judgment obtained against the drainage district by the surety company in a suit to which he was not party. The nature of that suit will be referred to later.

The plea of res adjudicata set up in brief that by a former suit instituted by the United States Fidelity & Guaranty Company against the drainage district, all matters and things were litigated, settled, and concluded by the decree of the court in that case. The United States Fidelity & Guaranty Company, in that suit, alleged that it had paid in excess of $8000 to laborers and materialmen in the performance of Brown's contract on its obligation as surety on the bond, and sought the recovery of that amount from the drainage district. It accepted the final estimate of the drainage district of approximately $62,000 as being the total amount due under the contract, but alleged that $5007, the amount of retainage, was not the proper amount, for the reason that it had overpaid Brown in the progress of the work on monthly estimates in the aggregate more than was due to have been paid Brown, and it alleged that under the law and the contract and the executed agreement of subrogation

between it and Brown this overpayment was a breach of the contract on the part of the drainage district.

. As we view the suit, it was a suit for the amount of retainage, although in his application for the bond executed by Brown and the United States Fidelity & Guaranty Company, as his surety in favor of the drainage district, he assigned to it all moneys due him by the drainage district.

The surety company alleged in effect that the $62,000 estimate was correct, and that it was a final estimate, and they did not seek to disturb that estimate nor to contend that it was in any manner erroneous. The answer of the defendant admitted the estimate, as stated, but denied that it was liable for having failed to retain fifteen percent of the estimates paid during the progress of the work. There was no pretense of a suit upon the assignment for the ascertainment of the true amount due. The effect of the allegation of the bill was that the district, by virtue of its breach of the contract with it, was liable to it for a larger retainage than the sum it had in hand, it being its precise contention that its right to sue was based upon its right of subrogation to the rights of the laborers and materialmen who had been paid by the surety company. The issue of the amount actually due Brown on the contract was not litigated nor raised by the pleadings. Brown was not a party to that litigation.

By its decree the court below found that the amount of retainage, $5007, was the correct amount, and that the drainage district had not breached its contract and was not liable to the surety company for any amount in excess of the sum it had in hand, $5007. The decree was a money decree for $5007 which the drainage district admitted it had retained and was in hand. The surety company appealed from that decree and the case is reported as United States Fidelity & Guaranty Co. v. Attala County Drainage Dist. No. 2, 166 Miss. 817, 146 So. 460, wherein the decree of the lower court was affirmed.

There are four essentials which must be present to constitute res adjudicata: (1) Identity in the thing sued for; (2) identity in the cause of action; (3) identity of persons and parties to the action; and (4) identity of quality in the persons for or against whom the claim is made. See Jones v. George, 126 Miss. 576, 89 So. 231.

All the pleadings and the decree in that suit were introduced in evidence in support of the plea.

It is clear from a reading of the entire pleadings and decree that the question of the amount due Brown on the contract was not raised, was not litigated, and was not involved in the prior litigation between the surety and the drainage district. The suit was not, in fact, based upon the assignment of the amount due by the district to Brown. That question was not raised nor involved in that litigation. The suit against the drainage district by the surety company was for a breach of an alleged contract and a breach of duty by the drainage district, which the latter owed to the former by virtue of its payment, as Brown's surety, of the claims of the laborers and materialmen.

Brown was not a party to the former litigation, was not the privy of the surety company, as to all the matters presented by the pleadings and the decree. Being neither a party nor a privy, his rights have never been adjudicated. The fact is the gravamen of the complaint of the surety company in the first suit was that the drainage district breached its duty by paying to Brown more money than should have been paid under the alleged existing law and contract. That which Brown will be called on to establish by a preponderance of the evidence in the case at bar was not involved in the former case.

A different question would be presented here if the former suit plead as res adjudicata in the case at bar had been upon the assignment or could have been litigated in the suit under the pleadings presented to the court. Brown, not being a privy of the surety company in the former suit, was not bound by the decree rendered

therein. The cause of action now alleged by Brown is entirely different from that which was alleged by the surety company in the former suit. The plea of res adjudicata therefore lacks all the essential elements required by the rule. The thing sued for was essentially different and independent of the thing now in suit for the first time.

If the former suit had in any manner known to the law challenged the correctness of the final estimate and raised that issue predicated upon its written assignment made before the beginning of the suit, a more serious question would arise as to whether or not the assignee by its suit and the judgment therein could estop or conclude on a plea of res adjudicata the assignor. We do not stop to consider this question, as in our view it is not in the case.

The court below should have overruled or denied the plea of res adjudicata herein.

Reversed and remanded.