PALMER *v.* CLARKSDALE HOSPITAL.

Mar. 10, 1952.

No. 38146 (57 So. (2d) 476)

Stovall Lowrey, and Vincent J. Brocato, for appellant.

Brewer & Brewer, for appellee.

614

**Holmes, J.**

Appellant sued the appellee for damages for expenses and loss of consortium arising out of injuries alleged to have been negligently inflicted upon his wife during the course of an operation while a pay-patient in the appellee hospital. The negligence claimed was that Miss Louise Francis, the superintendent of the appellee hospital, who was serving as circulating nurse in the operating room, so applied heavy canvas straps to the feet and ankles of appellant's wife as to cut off the blood circulation and failed to release or loosen the straps at necessary intervals so as to permit the resumption of the blood circulation, resulting in the development of gangrenous sores on the outside of the heels of her feet.

Prior to the trial of this cause, a suit by appellant's wife against the appellee, Clarksdale Hospital and its superintendent, Miss Louise Francis, for damages for her personal injuries arising out of the same alleged negligence, resulted in a judgment adverse to the wife.

The appellee filed its answer to the declaration in this cause and incorporated therein a plea of res judicata and estoppel, asserting the prior judgment in the wife's action in bar of this suit, and further asserting that appellant had assumed the control and conduct of his wife's prior suit and was bound by the judgment therein rendered. On motion of the appellee, this plea was separately heard and sustained by the trial court and judgment was

entered dismissing appellant's suit with prejudice. This action of the trial court is assigned as error on this appeal.

The question thus presented is two-fold, consisting of the inquiry, first, whether the judgment denying recovery in the wife's action for her personal injuries constitutes a bar to the action of appellant, her husband, for expenses and loss of consortium, and, second, whether appellant assumed such control and conduct over the prior suit of his wife as that he is bound by the judgment therein rendered although not a party of record to that suit.

If the answer to the first inquiry is to be in the affirmative, as contended by the appellee, it must result from the application of the doctrine of res judicata. The essentials necessary to constitute res judicata are well settled by the decisions of this Court. They are (1) identity in the thing sued for; (2) identity in the cause of action; (3) identity of persons and parties to the action; and (4) identity of quality in the persons for or against whom the claim is made. Brown v. Attala Drainage District No. 2, 185 Miss. 386, 187 So. 529; Jones v. George, 126 Miss. 576, 89 So. 231.

We do not find these essentials present in the case at bar. In the prior suit, Mrs. Palmer sued for damages for her personal injuries. Here the appellant sues for expenses incurred and for loss of consortium resulting from the personal injuries sustained by his wife. In the prior suit, Mrs Palmer was asserting a cause of action for the enforcement of a claimed right, independent of her husband, to recover damages for her personal injuries. Here the appellant is asserting a cause of action for the enforcement of a claimed right, independent of his wife, to recover damages for expenses incurred and loss of consortium resulting from the personal injuries of his wife. In the prior suit, Mrs. Palmer sued the hospital and its superintendent, Miss Louise Francis, and appellant was not a party thereto. In the suit at bar, appellant sued the hospital and neither Miss Francis nor Mrs. Palmer was a party thereto.

It will be noted, therefore, that in this and the prior suit of Mrs. Palmer, there is neither identity of the thing sued for, nor identity in the cause of action, nor identity of the parties to the action. Mrs. Palmer and Mr. Palmer each pursued their independent causes of action unaffected by the marriage relation. Mrs. Palmer's claim was personal to her and she had the right independently of her husband to assert it and sue on it under our statute abolishing the disabilities of coverture, which is Sec. 451 of the Mississippi Code of 1942, and which reads as follows: "Married women are fully emancipated from all disability on account of coverture; and the common law as to the disabilities of married women and its effect on the rights of property of the wife, is totally abrogated, and marriage shall not impose any disability or incapacity on a woman as to the ownership, acquisition, or disposition of property of any sort, or as to her capacity to make contracts and do all acts in reference to property which she could lawfully do if she were not married; but every woman now married, or hereafter to be married, shall have the same capacity to acquire, hold, manage, control, use, enjoy, and dispose of all property, real and personal, in possession or expectancy and to make any contract in reference to it, and to bind herself personally, and to sue and be sued, with all the rights and liabilities incident thereto, as if she were not married."

Likewise, Mr. Palmer's claim was personal to him and he had the right independently of his wife to assert it and sue on it. The two claims being independent and based upon a wrong affecting each in an individual capacity could not have been the subject of a joint action. Sec. 515, 27 Am.Jur., pp. 115-116. That the two claims represent separate causes of action has been recognized by this Court in the case of Brahan v. Meridian Light & Ry. Co., 121 Miss. 269, 83 So. 467, 468. In that case Mrs. Brahan sued separately and recovered damages for personal injuries resulting from alleged negligence. Mr. Brahan, her husband, sued separately for expenses in-

curred and loss of consortium resulting to him from the injuries to his wife. The trial court limited his recovery to monies expended and excluded evidence for loss of consortium. On appeal, this Court said: ''We think it is clear from the authorities that the husband may recover for such injuries as result in loss to him inflicted upon his wife even where the statutes allow the wife to recover for injuries to herself in her own name, as our statute does. Construing our statutes on husband and wife as a whole, we are satisfied that the plaintiff was entitled to recover for consortium and that the court below erred in excluding from the jury this element of damages. We do not think the statute was intended to displace the husband as the head of the family, nor affect his rights to the domestic services which the wife renders, or would render but for her injuries.''

The authorities generally recognize the principle that an injury to a married woman caused by the wrong of a third person gives rise to two causes of action, one in favor of the wife for her personal injuries, and one in favor of the husband for expenses and loss of consortium, and that lack of privity between the husband and wife prevents the judgment in one action from being a bar to the other.

''A personal injury to a married woman caused by the tort of a third person gives rise to two causes of action; one for her personal pain and suffering, and the other for the husband's consequential loss of her society and services and for expenses incurred for medical attention and nursing. Each action is for the enforcement of an independent right and a judgment in one of the actions can not be put in evidence in a subsequent trial of the other.'' 30 C.J., p. 961, Sec. 684; 41 C.J.S., Husband and Wife, § 401.

■■■ ''It has generally been held that, where a wife sues to recover for personal injuries to herself and the husband sues to recover for loss of her society and services, and for expenses, resulting from the same injuries,

lack of privity between the husband and wife prevents the judgment in one action from being res judicata in, or a bar to, the other action.'' 50 C.J.S., Judgments, § 798, p. 345.

''There is no legal privity between a husband and wife in such a sense that a judgment for or against the one will conclude the other, where the action concerns their separate property, rights, or interests not derived from each other.'' 50 C.J.S., Judgments, § 798, pages 342-343.

Particularly pertinent to the case at bar is the following statement, supported by the citation of authorities, appearing in 133 A.L.R. 199, Note B: ''It is well established that an adjudication unfavorable to a wife in an action by her for personal injuries is not res judicata, or conclusive, as to negligence or contributory negligence, in an action by her husband for loss of services or consortium because of such injuries, there being no privity between the respective plaintiffs''.

The question here presented is also discussed with clarity and sound reasoning in the opinion of the Ohio Supreme Court in the case of Kraut v. Cleveland Ry. Co., 132 Ohio St. 125, 5 N.E.(2d) 324, 108 A.L.R. 521, and we quote therefrom the following with approval:

''Does a judgment denying recovery in the wife's action for personal injuries constitute a bar to the husband's action for loss of services?

''The rule of res judicata is laid down in State v. Cincinnati Tin & Japan Co., 66 Ohio St. 182, 64 N.E. 68, in these words: 'To constitute the record of an action a bar or res adjudicata, it must appear in the record itself that the party against whom it is offered was a party or privy in blood or estate to the former action, or assisted in the prosecution or defense thereof for some benefit of his own.'

''It was held in Baltimore & O. R. Co. v. Glenn, 66 Ohio St. 395, 64 N.E. 438, that the right of action by the husband for loss of services remains unimpaired and unaffected by reason of the fact that the wife has brought

suit and recovered damages suffered by her. But the exact question presented in the instant case has not been heretofore determined by this court.

"There is practically an unbroken line of authority to the effect that an adjudication unfavorable to the wife in an action for personal injuries is no bar to an action by the husband for loss of services or consortium growing out of the same injuries. Womach v. City of St. Joseph, 201 Mo. 467, 100 S.W. 443, 10. L. R. A:, N.S., 140; Duffee v. Boston Elevated R. Co., 191 Mass. 563, 77 N.E. 1036; Brierly v. Union R. Co., 26 R.I. 119, 58 A. 451; Erickson v. Buckley, 230 Mass. 467, 120 N.E. 126.

"The fundamental reasons for the conclusions reached in these cases are that the causes of action are not the same, that the parties are not the same, and that there is no privity between the husband and wife in the assertion of their respective demands.

"Instructive treatments of the subject may be found in 30 Corpus Juris, 961, § 684; 13 Ruling Case Law, 1412, 1416, §§461 and 465; 2 A. L. R. 592, annotation.

"A careful consideration of the underlying principles involved leads to but one conclusion.

"It often happens that when a tort has been committed several persons are injured by one negligent act. One may take as an illustration the wrecking of a bus through the negligence of the operator, which results in injury to several passengers. There is but one wrong committed and that is the tortious act of the driver; yet several actions may be brought as a result thereof. Each passenger injured has a separate right of action for the personal injury he sustains, and each right of action may be asserted in a separate suit; but all the causes of action are founded on the same wrong. So it is as to the two actions with which the court is concerned in the instant case. There was but one wrong, but from it sprang two separate and distinct rights of action, one in the husband and the other in the wife. Their actions are wholly distinct and separate from each other, and since there is no priv-

ity between them in the connection involved, an adjudication in one could not properly be res judicata in the other.

"Of course, the burden is on the plaintiff husband to prove that the alleged tort-feasor is guilty of negligence which directly contributed to his loss and damage, and the contributory negligence of the wife would be a defense, but the issues are to be determined wholly independently of any adjudication in the suit brought by the wife; in fact, the husband may bring his action whether or not the wife sues."

Appellee relies strongly upon the cases of Beauchamp v. Davis, 309 Ky. 397, 217 S.W.(2d) 822, and Stephens v. Snyder, 65 Ga. App. 36, 14 S.E.(2d) 687, but we think they are clearly distinguishable from the case at bar. In the Beauchamp case, the suits of the husband and wife were consolidated and submitted to the jury under instructions which authorized the jury to award damages to both if found to result from the negligence of the third party. The jury awarded damages to the wife but none to the husband and the court reversed the judgment upon the ground that the jury failed to follow the instructions of the court. In the Stephens case, the court sustained a demurrer to the wife's petition from which it appeared that the wife's injuries resulted from her own negligence. The husband's petition was based upon the same transaction except for some variation in the allegations of negligence and the court, on demurrer to the later petition, held not that the judgment in the wife's case was res judicata of the husband's suit but that the decision on demurrer in the wife's case was controlling on the demurrer to the husband's petition, which contained substantially the same allegations as were in the wife's petition. We do not think, therefore, that these cases are applicable to the case at bar. We have carefully considered the other authorities cited by the appellee on the question here presented. We think, however, that the weight of authority and the sounder reasoning is contrary to the ap-

pellee's contention that the judgment in the suit of appellant's wife is res judicata in appellant's action.

In the light of the views expressed and under the authorities cited, we are of the opinion that the judgment rendered in the case of appellant's wife was not res judicata in the action of appellant.

■■ It is argued by appellee, however, that the decision in the wife's case was an adjudication that appellee was not guilty of negligence and that such decision is controlling in appellant's case under the doctrine of stare decisis. We do not think that the case before us presents one for the application of the doctrine of stare decisis. The judgment of the court in Mrs. Palmer's suit was based upon a finding of the jury on a question of fact, namely the negligence vel non of the appellee hospital. The stare decisis rule is stated in 21 C.J.S., Courts, § 187, p. 302, as follows: "Under the stare decisis rule, a principle of law which has become settled by a series of decisions generally is binding on the courts and should be followed in similar cases." In City of Greenville v. Laury, 172 Miss. 118, 159 So. 121, 122, this Court said: "The rule of stare decisis * * * has a very limited application to cases which turn * * * upon the application of settled legal principles to the fact established in the particular controversy." The decision sought to be invoked here by the appellee is a decision on a question of fact and does not present a case, therefore, for the application of the doctrine of stare decisis. "The doctrine of stare decisis does not ordinarily apply to decisions on questions of fact so as to render them binding in later cases, although they may be advisory." 21 C.J.S., Courts, § 212, p. 386.

We are, therefore, of the opinion that the decision of the jury and the judgment entered thereon in Mrs. Palmer's case are not controlling of appellant's case.

■■ We come now to the second inquiry presented by this appeal, namely, whether appellant participated in the conduct and prosecution of his wife's suit to the

extent that he is bound by the judgment therein rendered. We think the applicable principle of law is that cited by counsel for appellee as Sec. 84, Restatement of Judgments, A.L.I., as follows: ''A person who is not a party but who controls an action individually or in cooperation with others is bound by the adjudications of litigated matters as if he were a party, if he has a proprietary or financial interest in the judgment or in the determination of a question of fact or of a question of law with reference to the same subject matter or transaction; if the other party has notice of his particular participation, the other party is equally bound.'' We find the same principle announced in 50 C.J.S., Courts, § 782, p. 317, as follows: ''A third person who virtually makes himself a plaintiff in an action between other parties, by openly assuming the conduct of the litigation and actively prosecuting it, for the benefit or protection of interests of his own, is bound by the judgment, although he is not a party of record.'' Counsel for appellee concede in their brief that ''The essential condition recognized in most of the cases is that the prosecution of the action by the non-party, or his assistance or cooperation, must have been for the promotion or protection of some interest of his own.''

The record discloses that the appellant employed the attorney to prosecute his wife's suit, contacted one or two witnesses, conferred with his wife's attorneys during the selection of the jury on the trial of his wife's suit, appeared as a witness in his wife's behalf, paid some of the expenses incurred in the suit, and at the request of the secretary of the board of the appellee hospital had some negotiations relative to a possible settlement of the case. It is manifest, however, that appellant had no proprietary or financial interest in his wife's suit and that his participation therein was not for the promotion or protection of his own interests but was for the promotion and protection of his wife's interest. He had no lawful interest in or legal title to the claim on which his wife was suing. He had no right of control over his wife's suit.

The claim on which she sued belonged to her individually and appellant was without proprietary or financial interest therein. We do not think, therefore, that appellant's connection with or participation in his wife's suit was of such nature as that he is bound by the judgment therein rendered.

It follows from the views hereinbefore expressed that the judgment of the court below should be and it is reversed and the cause remanded.

Reversed and remanded.

**Roberds, Alexander, Hall** and **Arrington, JJ.,** concur.