Mrs. Ralph J. CAMPBELL, Plaintiff,

v.

CITY OF ATLANTA, FULTON COUNTY, Southern Railway Company and Atlanta Gas Light Company, Defendants.

Civ. A. No. 11045.

United States District Court
N. D. Georgia,
Atlanta Division.

Aug. 3, 1967.

Cullen M. Ward, Atlanta, Ga., for plaintiff.

Burt DeRieux, Greene, Buckley, DeRieux, Moore, & Jones, Henry L. Bowden, City Atty., Chas. M. Lokey, Asst. City Atty., John Tye Ferguson, Webb, Parker & Ferguson, Hugh M. Dorsey, Jr., Hugh E. Wright, Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for defendants.

## ORDER

EDENFIELD, District Judge.

The plaintiff filed suit in the state courts of Georgia for $9,999.99 as damages for loss of the consortium of her husband as the result of personal injuries received by him when a bridge over which he was passing collapsed, causing him and the truck which he was driving to fall into a railroad gorge below, where he was burned by the explosion of a gas main which was damaged in the crash. The husband had already filed in this court a complaint for damages in the amount of $350,000.00 for his personal injuries suffered as the result of the same transaction. See Civil Action No. 10785 in this court.

Despite the fact that the present petition does not allege the requisite jurisdictional amount, the defendants have removed the case to this court on the ground of diversity of citizenship, basing their removal upon the theory of pendent (ancillary) jurisdiction by reason of the fact that the husband's case, showing the requisite amount, is already pending here and in the interest of judicial economy and convenience, the facts on liability being the same in both cases and the defendants in both cases being the same. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct.

1130, 16 L.Ed.2d 218; Wilson v. American Chain & Cable Co., 364 F.2d 558 (3rd Cir. 1966); Borror v. Sharon Steel Co., 327 F.2d 165 (3rd Cir. 1964); Raybould v. Mancini-Fattore Co., 186 F.Supp. 235 (E.D.Mich.1960); Morris v. Gimbel Bros., Inc., 246 F.Supp. 984 (E.D.Pa. 1965); and Wiggs v. City of Tullahoma, 261 F.Supp. 821 (E.D.Tenn.1966).

Plaintiff having filed a motion to remand, the case presents a very interesting question of federal removal jurisdiction.

Prior to the decision in United Mine Workers v. Gibbs, supra, the leading case on pendent (or ancillary) jurisdiction over non-federal questions was Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, where the Supreme Court drew a distinction between:

" * * * a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal case averred is plainly not wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal ground; in the latter it may not do so upon the nonfederal cause of action * * *."

Although the court in the Gibbs case seemed willing to extend Hurn somewhat, saying:

"This limited approach is unnecessarily grudging,"

still in the final analysis, the court in Gibbs seems to apply Hurn as the ultimate test, at least to the extent of saying that before jurisdiction of one question, clearly within the jurisdiction of a federal court, can carry with it pendent jurisdiction over another clearly not within it, the relationship between the two must be such that, in reality, only one "Constitutional case" is involved.

■ Applying this test in the present case, it is clear that here more than one case is involved. This is true since, under Georgia law, the two causes of action, one by the husband and one by the wife, are not the same. Also under Georgia law consolidation could not be compelled, no privity would exist between the plaintiff husband and the plaintiff wife, and a judgment in one of the cases would not be res judicata as to the other. See Russ Transport, Inc. v. Jones, 104 Ga.App. 612, 122 S.E.2d 282.

We are aware that several of the cases previously cited, notably those from the Third Circuit, have retained cases not otherwise cognizable in federal court on the basis of pendent jurisdiction and under circumstances quite similar to those here involved. See Borror v. Sharon Steel Co. and Morris v. Gimbel Bros., Inc., both supra. These cases rely heavily, however, on a Pennsylvania statute (later a rule of court) affirmatively requiring such companion cases to be either sued jointly or consolidated for trial. Moreover, in all but one of the cases previously cited, the nominal plaintiff in both cases was the same, though he sued in different capacities. In none of them did the pendent case come in by removal.

■ Moreover, as clearly indicated by Gibbs, "pendent jurisdiction is a doctrine of discretion, not of * * * right," and in exercising this discretion the question of possible jury confusion should be considered. Here numerous issues have been injected into the husband's case which are not common to the case of the wife. In the husband's case the defendants have brought in the husband's employer (the owner of the truck), seeking to recover damages from him on the theory of respondeat superior for the husband's alleged negligence. The employer, in turn, has counter-claimed for damages to his truck. This would appear to inject enough issues to be tried in one case before a single jury.

■ But for these circumstances, and in the ordinary case it may very well be that the doctrine of pendent jurisdiction should be extended to cases of this

character in the interest of judicial economy and convenience. Certainly such conclusion would seem to be in keeping with the spirit of the Federal Rules relating to the joinder of claims and parties. We find no authority, however, for such an extension under the precise facts of this case, and we decline to order or to recognize one until sanctioned by a higher authority.

The motion to remand is therefore granted.