INZER, Justice:
This is an appeal by Hugh Dickson from a judgment of the Circuit Court of Madison County rendered in favor of appellee, Western Tar Products Corporation, Inc.
Appellee, hereinafter referred to as Western Tar, filed suit against appellant in the Circuit Court of Madison County seeking to recover a judgment on a promissory note executed by appellant. Appellant included in his answer a motion to dismiss and a plea in bar asserting that Western Tar was a foreign corporation and it had violated Section 5309-239, Mississippi Code 1942 Annotated (Supp.1972), in that it had not qualified to do business in the State of Mississippi and that its suit was based *431 upon a cause of action which arose out of such transacted business. The pertinent part of Section 5309-239 supra, reads as follows:
Section 5309-239. Transacting business without certificate of authority.
No foreign corporation transacting business in this state without a certificate of authority shall he permitted to maintain any action, suit or proceeding in any court of this state. Nor shall any action, suit or proceeding be maintained in any court of this state by any successor or assignee of such corporation on any right, claim or demand arising out of the transaction of business by such corporation in this state.
The failure of a foreign corporation to obtain a certificate of authority to transact business in this state shall not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any action, suit or proceeding in any court of this state.
In response to this plea, Western Tar alleged that appellant was barred from offering the defense of Section 5309-239 by the doctrine of res judicata and also under the concept of compromise and settlement. It alleged a lawsuit based upon the same considerations, sales and receipts, represented by the promissory note sued upon was settled in the District Court of the United States, Southern District of Mississippi, Jackson Division, wherein an order was entered dismissing with prejudice all issues in that suit; in that suit, the same defense was raised by the appellant, and the order of dismissal disposed of the defense adversely to appellant. Western Tar also denied that it had or was presently doing business in Mississippi in violation of the foregoing section.
When the case came on for trial, the special plea and response thereto was called up for hearing in advance of the trial on the merits. The court after hearing argument of counsel held that the doctrine of res judicata applied and consequently as a matter of law the plea in bar of appellant based upon Section 5309-239 could not be maintained because of the order entered in United States District Court dismissing that suit with prejudice. After this ruling appellant proffered testimony to show that Western Tar was a foreign corporation doing business in the state without a certificate of authority at the time this cause of action accrued. The court ruled that in view of the foregoing ruling appellant could not introduce such evidence. The cause was then heard upon its merits and the court again stated that the appellant could not introduce evidence to show that Western Tar was in violation of Section 5309-239.
It appears that the note now sued upon was executed by appellant in settlement of the suit in Federal Court and that the order of dismissal with prejudice was entered before any issue was litigated or determined by that court.
One of the assignments of error is as follows:
The Circuit Court erred in not allowing a fact issue on “transacting business” to be made up and tried on the plea of Section 5309-239, and in ruling that as a matter of law the statutory bar was not applicable due to the Federal Court order dated September 25, 1968, when the issues of fact arising after 1968 up until November 1970 when the State Court suit was filed could not have been possibly litigated in 1968.
We are of the opinion that this assignment of error is well taken for the reasons hereinafter stated.
It is well settled in this state that before a plea of res judicata is a bar, the following things must occur: (1) identity in the thing sued for, (2) identity of cause of action, (3) identity of persons and parties to the cause of action, and (4) identity of the quality in the persons for or against *432 whom claim is made. Rawlings v. Royals, 214 Miss. 335, 58 So.2d 820 (1952); Palmer v. Clarksdale Hospital, 213 Miss. 611, 57 So.2d 476 (1952); and Brown v. Attala Drainage District #2, 185 Miss. 386, 187 So. 529 (1939). We are of the opinion that the present suit is an entirely different cause of action than the one sued upon in federal court. That was a suit upon an open account and when it was dismissed with prejudice it was concluded and terminated. Appellee could not again bring suit on the open account and except for the fact that it received the promissory note, it would have no cause of action. Since this is a different cause of action, appellant is not barred under the doctrine of res judi-cata from interposing the plea in bar based upon Section 5309-239.
 Western Tar urges in the alternative that appellant is barred from raising the defense of Section 5309-239 under the concept of compromise and settlement. It is contended that where a note is executed as part of the compromise and settlement, the maker, when sued upon it, is precluded from utilizing any defense which could have been available in a suit on the antecedent claim. This contention is well taken insofar as any defense that the maker might have as to the merits of the antecedent claim, but the maker is not precluded under this concept of raising any defense that arose after the settlement. In this connection it should be pointed out that the so-called defense of Section 5309-239 is not a defense that goes to the merits of the cause of action, but simply raises the question of whether the foreign corporation has the right to maintain the suit in any court in this state. There was nothing in the compromise and settlement agreement which precluded appellant when sued on the note from asserting that appellant was transacting business in this state without a certificate of authority.
We hold that the trial court was in error in holding as a matter of law that appellant was precluded by the judgment of the federal court in raising the defense that appellee was a foreign corporation doing business in this state without a certificate of authority. It follows that the trial court was also in error in refusing to allow appellant to introduce evidence to show, if he could, that Western Tar was doing business without a certificate of authority at the time this cause of action accrued.
For the reasons stated, this cause should be and is reversed and remanded.
Reversed and remanded.
GILLESPIE, C. J., and PATTERSON, ROBERTSON, and WALKER, JJ., concur.