Lance LEOPOLD and Sylvie
Leopold, Plaintiffs,

v.

Special Patrolman Joseph BIRKETT,
Badge No. 1672, Special Patrolman R.
Smith, Badge No. 1347, Special Patrol-
man R. Olson, Badge No. 1909, Human
Resources Administration and the City
of New York, Defendants.

No. 81 C 1414.

United States District Court,
E. D. New York.

Oct. 13, 1981.

Diana Heller, New York City, for plain-
tiffs.

Allen G. Schwartz, Corp. Counsel of the
City of New York (Robert Katz, Susan Freedman, Susan M. Shapiro, New York
City, of counsel), for defendants.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiffs Lance and Sylvie Leopold
brought this action against three special
patrolmen of the New York City Human
Resources Administration (HRA), and
against HRA and New York City (the City).
The complaint alleges that while plaintiffs
were waiting to talk to a supervisor at an
HRA center plaintiff Lance Leopold was
seized, assaulted, and otherwise abused by
the patrolmen, thereby depriving him of his
rights under the Fourth, Fifth, Sixth,
Eighth, Ninth and Fourteenth Amendments
to the United States Constitution, in viola-
tion of 42 U.S.C. §§ 1983, 1985 and 1988,
and inflicting tortious injury on him under
New York law. The complaint also asserts
a derivative claim by plaintiff Sylvie Leo-
pold under New York law for loss of her
husband's services and society.

The City and HRA moved to dismiss
Lance Leopold's claim, pointing out that the
complaint did not allege that the municipal
defendants maintained an unconstitutional
policy or custom and that thus no claim was
properly asserted against them under the
federal Civil Rights statutes. *See Monell v.
Department of Social Services*, 436 U.S. 658,
690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d
611 (1978). The City and HRA moved to
dismiss Sylvie Leopold's derivative claim for
lack of jurisdiction, arguing that the court
could not exercise pendent or ancillary jur-
isdiction over a state law claim asserted by
a person not otherwise a party to the feder-
al claim.

Thereafter plaintiffs cross-moved to
amend the complaint to allege that the City
and HRA failed to establish and enforce
proper hiring standards for special officers,
to investigate adequately complaints of
abusive conduct by such officers, and to
discipline, supervise and control them, and
that a pattern of their abusive behavior was
sufficiently known to officials of the City
and HRA to constitute a custom or practice.

The defendants consent to plaintiffs' cross-motion to amend the claims of Lance Leopold, and they withdraw their motion to dismiss those claims, without prejudice to a further motion to dismiss. Defendants persist in their motion to dismiss the claims made by Sylvie Leopold.

The claim of Sylvie Leopold is based on New York law. Had it been asserted in a separate action the court could not hear it. By the terms of 28 U.S.C. § 1331 this court has jurisdiction only over "civil actions . . . [arising] under the Constitution" or federal laws, and 28 U.S.C. § 1343(3) grants jurisdiction only over "any civil action authorized by law to be commenced by any person" to redress the deprivation of any right "secured by the Constitution" or by federal laws. The question is whether the court may hear Sylvie Leopold's state law claim because it is joined with the federal claim of her husband.

Article III of the United States Constitution grants judicial power in "Cases . . . arising under this Constitution, the Laws of the United States, and [its] Treaties." Presumably under this article Congress could confer jurisdiction to hear Sylvie Leopold's claim as ancillary to Lance Leopold's "case" against the defendants. *Cf. Moor v. County of Alameda*, 411 U.S. 693, 714–15, 93 S.Ct. 1785, 1798–99, 36 L.Ed.2d 596 (1973) (jurisdiction over compulsory counterclaims and third-party claims); *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (jurisdiction over state law claim between parties to federal claim). Certainly, in the words of the *Gibbs* case, the claims of both spouses derive from a "common nucleus of operative fact," and judicial economy would be served because the Leopolds "would ordinarily be expected to try them all in one judicial proceeding." 383 U.S. at 725, 86 S.Ct. at 1138.

But it does not follow that Congress has granted this court power to hear the wife's claim. The court must consider whether the statutes conferring jurisdiction over the federal claims have, expressly or by implication, declined to extend federal jurisdiction

over the nonfederal claim. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978); *Aldinger v. Howard*, 427 U.S. 1, 18–19, 96 S.Ct. 2413, 2422–2423, 49 L.Ed.2d 276 (1976). The precise question at issue has not been addressed by the Supreme Court. Nor has it yet laid down any general principles whereby the subtle and complex questions of "pendent" or "ancillary" jurisdiction may be decided. We must seek such guidance as we can from the Court's recent decisions, in particular three involving related issues.

In *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), the Court considered a diversity action for damages in which various plaintiffs, each having at stake more than the $10,000 specified as the jurisdictional prerequisite by 28 U.S.C. 1332, sought to represent a class of plaintiffs some of whom had not suffered $10,000 damages. The majority construed the "matter in controversy" language of § 1332 to require each plaintiff in a Rule 23(b)(3) class action to satisfy the jurisdictional amount and affirmed a dismissal of any plaintiff who did not. To hold otherwise, in the opinion of the majority, would be to undermine Congress' purpose in requiring plaintiffs to present claims in excess of the specified amount.

The majority opinion said not a word about the argument advanced by the plaintiffs that the court could take "ancillary" jurisdiction over the claims of less than $10,000. The dissent urged this theory at length, and we can only speculate why the majority did not see fit to advert to it. In any event the decision must be taken as a holding that "ancillary" jurisdiction may not be asserted in a diversity case to entertain a plaintiff's claim involving the same proof as others before the court unless that claim meets the jurisdictional amount.

Prior to the *Zahn* decision the Court of Appeals for the Eighth Circuit held, in an opinion by then Circuit Judge Blackmun, that in a diversity case a wife's claim for loss of consortium, though it sought less than the jurisdictional amount, was "pen-

dent" to the claim of her husband for jurisdictional purposes. *Hatridge v. Aetna Casualty & Surety Company*, 415 F.2d 809 (8th Cir. 1969). But that court later recognized in *State of North Dakota v. Merchants National Bank & Trust Co.*, 634 F.2d 368, 372 n.7 (8th Cir. 1980), that this reasoning was "probably vitiated" by the *Zahn* case.

*Aldinger v. Howard, supra*, did not involve diversity jurisdiction but concerned the same legislation as does the present case. There plaintiff brought a civil rights claim against various county officials, alleging a violation of 42 U.S.C. § 1983, invoking jurisdiction under 28 U.S.C. § 1343(3), and asserting that "pendent" jurisdiction lay over the state law claim against the county itself. Under the then case law a county was not a "person" within the meaning of Section 1983, and there was thus no independent basis for jurisdiction over it.

The majority held that there was no federal "pendent" jurisdiction over the county and distinguished the situation where two parties already properly present in federal court seek to litigate a state law claim. Where the plaintiff seeks to join a "new party" not otherwise subject to federal jurisdiction there is, the opinion said, "a more serious obstacle to the exercise of pendent jurisdiction." 427 U.S. at 18, 96 S.Ct. at 2422. The Court concluded that Congress in 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) had "by implication declined to extend federal jurisdiction over a party" such as a county. *Id.* at 19, 96 S.Ct. at 2423. Considerations of judicial economy were outweighed, according to the majority opinion, by the "well-established principle" that "federal courts ... are courts of limited jurisdiction marked out by Congress." *Id.* at 15, 96 S.Ct. at 2420.

Finally in *Owen Equipment & Erection Co. v. Kroger, supra*, a divided Court held that in a diversity action the plaintiff may not assert a claim against a third-party defendant already in the action when there is no independent basis for federal jurisdiction over that claim. The majority held that the policy of 28 U.S.C. § 1332 calls for "strict construction" of the "basic rule" permitting diversity jurisdiction only when there is complete diversity, and said that a plaintiff has no cause to complain if ancillary jurisdiction does not encompass all his possible claims since he has chosen the federal rather than the state forum. 437 U.S. at 376–77, 98 S.Ct. at 2403–2405.

These three decisions leave the distinct impression that a majority of the Supreme Court would hold that ancillary jurisdiction does not exist over Sylvie Leopold's claim. It is true that all the claims asserted in this case by both spouses will depend upon much the same proof and that judicial economy would be served if all of them were tried in one proceeding. But this factor was not enough to convince the Supreme Court in situations equally persuasive. Indeed, if one can distill any useful general principle from its recent opinions, it is that the Court does not look favorably on efforts to assert claims ancillary to federal cases, except perhaps in those instances where the argument of judicial economy and convenience can be coupled with the circumstance that only in a federal court may all the claims be tried together. *Aldinger v. Howard, supra*, 427 U.S. at 18, 96 S.Ct. at 2422.

Here Sylvie Leopold has no legal interest in her husband's federal claim. Both spouses can obtain all the relief they seek in a state court. The court will therefore grant the motion to dismiss. A similar result was reached in *Voytko v. Ramada Inn of Atlantic City*, 445 F.Supp. 315, 326 (D.N.J.1978).

The motion to dismiss the claims of Sylvie Leopold is granted. The motion of Lance Leopold to amend the complaint is granted on consent. The motion to dismiss Lance Leopold's claims is withdrawn. Defendants may have thirty days after service of the amended complaint to answer or move to dismiss. So ordered.