**Elizabeth (Lee) L. CARR, Plaintiff,**

v.

**MID–SOUTH OXYGEN, INC., Defendant.**

**No. DC 82–70–WK–O.**

United States District Court,
N. D. Mississippi,
Delta Division.

July 2, 1982.

John W. Whitten, Jr., Sumner, Miss., for plaintiff.

Kenneth R. Shuttleworth, Memphis, Tenn., Edward A. Moss, Clarksdale, Miss., for defendant.

**300**

MEMORANDUM OPINION

KEADY, Chief Judge.

In this action, plaintiff Elizabeth Carr, a Mississippi citizen, sues defendant Mid-South Oxygen, Inc., a Tennessee corporation, seeking $10,000 damages for the loss of consortium because of personal injury to her husband Samuel B. Carr while welding as a result of an allegedly defective oxygen bottle supplied by defendant. Plaintiff and her husband originally filed separate actions in the Circuit Court of Tallahatchie County, which defendant removed to this court. Samuel Carr is seeking $1 million from defendant for his injuries. On May 18, 1982, this court denied plaintiff's motion to remand her case and consolidated the two actions. The court now addresses plaintiff's motion to reconsider its action against remand on the basis that the amount sought by plaintiff is insufficient to confer federal court jurisdiction.

Resolution of this issue requires the court to reach several independent legal conclusions. Initially, we must determine whether the two suits constitute a single cause of action. If they do not, we must further analyze how the actual amount in controversy is to be computed in the instant case by exploring the res judicata effects on the husband's suit should the instant suit be remanded to state court, plaintiff there prevail on the merits, and her husband seek to offensively assert collateral estoppel in his suit on the issue of liability. Finally, we consider the exercise of ancillary or pendent jurisdiction over plaintiff's claim.

■ It is clear that in order for plaintiff to recover she must prove facts that would be sufficient to entitle her husband to relief. Nonetheless, under Mississippi law, the claims of plaintiff and her husband are "independent and based upon a wrong affecting each in an individual capacity." *Palmer v. Clarksdale Hospital*, 213 Miss. 611, 57 So.2d 476, 478 (1952). In *Palmer*, the wife sued the defendant hospital for her physical injuries, and the hospital prevailed. In the husband's later suit against the hospital for loss of consortium, the Mississippi Supreme Court held that the judgment in the wife's case was not res judicata.

It is well established that an adjudication unfavorable to a wife in an action by her for personal injuries is not res judicata, or conclusive, as to negligence or contributory negligence, in an action by her husband for loss of services or consortium because of such injuries, *there being no privity between the respective plaintiffs*. (Our emphasis).

57 So.2d at 479. Since plaintiff's claim is separate from that of her husband, she is entitled to maintain this separate action in state court if the requisite amount in controversy is not met.

■ Ordinarily, the amount in controversy is determined from the plaintiff's viewpoint. *Mas v. Perry*, 489 F.2d 1396 (5 Cir.), *cert. denied* 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974); 1 Moore's Federal Practice ¶ 0.91[1], pp. 841–42 (1982). When the amount in controversy is less to the plaintiff but more than $10,000 from the defendant's view, the court may in some instances consider value from the defendant's position. *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389 (7 Cir. 1979). The basic issue is whether the collateral effect of plaintiff's action, allowed to be pursued in state court, increases the amount in controversy beyond $10,000 because of the pendency of the husband's suit against defendant in federal court. The general rule concerning the collateral effects of a judgment is espoused in 1 Moore's Federal Practice ¶ 0.91[2], pp. 846–48 (1982):

In determining the value of the amount in controversy, the collateral effect of the judgment in other matters not directly involved in the pending suit cannot be taken into consideration.... The mere fact that, because of its probative force, the judgment may operate as an estoppel in a subsequent proceeding, or affect other suits by virtue of *stare decisis*, or affect rights against a stranger to the suit, does not increase the value of the matter in dispute.

*See New England Mortgage Sec. Co. v. Gay*, 145 U.S. 123, 12 S.Ct. 815, 36 L.Ed. 646

(1892); *Smith v. Adams*, 130 U.S. 167, 9 S.Ct. 566, 32 L.Ed. 895 (1889); 14 Wright, Miller & Cooper, Federal Practice and Procedure § 3702, p. 385 (1976). Finding this rule applicable, we hold that the amount in controversy is insufficient for this court to exercise jurisdiction over plaintiff's claims. Even if the collateral estoppel effects of a judgment should be considered in determining jurisdictional amount, we would reach the same result. Should plaintiff prevail on her claim in state court and her husband seek to invoke collateral estoppel here, plaintiff's judgment would have the same effect in federal court as it would in a Mississippi court. *Rollins v. Dwyer*, 666 F.2d 141, 144 (5 Cir. 1982). Absent privity between plaintiff and her husband regarding their claims, *Palmer, supra*, he may not assert any judgment in her favor as collateral estoppel in his suit. *Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1166 (5 Cir. 1981); *Stovall v. Price Waterhouse Co.*, 652 F.2d 537, 540 (5 Cir. 1981); *Ditta v. City of Clinton*, 391 So.2d 627 (Miss.1980), *as modified on denial of rehearing, id.* (Miss.1981); *Sanders v. Mississippi*, 242 So.2d 412 (Miss. 1970). Therefore, plaintiff's action in state court, whatever the outcome, can have no collateral effect on her husband's suit as to make her action involve more than $10,000.

■ Unless the court is empowered to exercise pendent or ancillary jurisdiction, plaintiff's action must be remanded. In *Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809 (8 Cir. 1969), the Eighth Circuit held that in a diversity case, a wife's claim for $9,999.99 for loss of consortium was, for jurisdictional purposes, pendent to her husband's personal injury claim where under applicable state law the wife's claim was considered derivative. In *Campbell v. City of Atlanta, Fulton County*, 277 F.Supp. 395 (N.D.Ga.1967), a wife's $9,999.99 claim for loss of consortium was considered separate and independent from her husband's claim; the court declined to exercise pendent jurisdiction. Here, as in *Campbell*, plaintiff's claim is separate and independent under state law. Furthermore, in light of *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), in which the United States Supreme Court held that each plaintiff class member in a diversity action must meet the jurisdictional amount in order to assert his claim, we conclude that we lack power to exercise ancillary or pendent jurisdiction over plaintiff's claims. *See Leopold v. Birkett*, 523 F.Supp. 525 (E.D.N.Y.1981); 13 Wright, Miller & Cooper, Federal Practice and Procedure § 3523, p. 69 (1975). The *Leopold* court, in referring to *Zahn*, specifically rejected the notion of ancillary jurisdiction:

> In any event the decision must be taken as a holding that "ancillary" jurisdiction may not be asserted in a diversity case to entertain a plaintiff's claim involving the same proof as others before the court unless that claim meets the jurisdictional amount.

523 F.Supp. at 526.

Consequently, since the matter in controversy in plaintiff's claim fails to exceed $10,000 and we are without power to assert ancillary or pendent jurisdiction over her claim, we vacate our order of May 18, 1982, and remand plaintiff's action to the Circuit Court of Tallahatchie County.

Let an order issue accordingly.