509 So.2d 1049 (1987)
Edward DAVIS, Sr. and Rosie L. Davis
v.
CITY OF LEXINGTON, Mississippi.
No. 56884.
Supreme Court of Mississippi.
July 15, 1987.
Cynthia A. Stewart, Jackson, for appellants.
Marc A. Biggers, Lonnie D. Bailey, Upshaw, Williams, Biggers, Page & Kruger, Greenwood, for appellee.
*1050 Before ROY NOBLE LEE, SULLIVAN and GRIFFIN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Edward Davis, Sr. and Rosie L. Davis filed suit in the Circuit Court of Holmes County, Mississippi, against the City of Lexington, for damages resulting from the loss by fire of their home in the city. The lower court sustained a Rule 12(b)(6) motion, Miss.R.Civ.P., and dismissed the complaint. The Davises have appealed here, assigning the following errors committed by the court below:
I. THE APPELLANTS' NEGLIGENCE ACTION AGAINST THE CITY OF LEXINGTON, MISSISSIPPI, IS AUTHORIZED BY MISS. CODE ANN. § 21-15-6 (1972), AS AMENDED.
II. THE APPELLANTS' COMPLAINT STATES A CLAIM OF ACTION FOR NEGLIGENCE AGAINST THE CITY OF LEXINGTON, MISSISSIPPI, SATISFYING THE NECESSARY ELEMENTS OF DUTY, BREACH OF DUTY, PROXIMATE CAUSE AND DAMAGE, AND THE COURT BELOW ERRED IN DISMISSING THE APPELLANTS' CAUSE.
III. THE QUESTION OF THE NEGLIGENCE OF APPELLEE IS FOR THE JURY TO DECIDE.
Allegations of the complaint are sparse. It states that: "On or about April 27, 1984, a fire started at and spread from the house next door to the house of plaintiff ...; that The Fire Department of the City of Lexington negligently failed to respond to repeated calls about the fire, ... not arriving until the fire was well under way; that upon arriving at the scene of the fire, the Fire Department negligently failed to locate the nearest fire hydrant and negligently failed to attach the fire truck to the hydrant in a timely manner; and that the Fire Department of the City of Lexington negligently failed to take steps to prevent the fire from spreading to plaintiffs' home." Appellee's first defense, which was sustained by the lower court, stated that the complaint fails to state a claim upon which relief can be granted.
Appellants' answers to interrogatories propounded to them by the appellee stated that (1) approximately one hour elapsed between the first notice of the fire to appellee, and when the fire department responded to the call; (2) that the fire department failed to locate the hydrant in a reasonable fashion, driving around looking for it; and (3) that the fire department should have responded to the call in a timely manner, located and been aware of the location of the nearest fire hydrant immediately, hooked up the hose in a timely and knowledgeable manner, used the hose in a timely manner, and applied water to the appellants' home in order to prevent the spread of the fire.
The appellants rely upon Mississippi Code Annotated § 21-15-6 (Supp. 1986) as authority for partially abolishing immunity and authorizing the suit. This section follows:
Municipalities are hereby authorized, in the discretion of the governing authorities, to purchase general liability insurance coverage, including errors and omissions insurance for municipal officials and municipal employees.
Nothing contained herein shall be considered as a waiver of immunity in whole or in part as to any governmental function attempted or undertaken by themunicipality except that where the municipality has liability insurance coverage as to any action brought against it, then such action may be maintained against such municipality, but any recovery in such action shall be limited solely to the proceeds of any such liability insurance coverage and a judgment creditor shall have recourse only to the proceeds of such liability insurance coverage. Any judgment rendered in excess of the limits of such insurance shall, on motion of the court, be reduced as to the municipality to the amount of said liability insurance coverage but not as to any joint tortfeasor, if any. No attempt shall be made in the trial of any case to suggest the existence of any insurance which covers *1051 in whole or in part any judgment that may be rendered against any municipality.
Municipalities are hereby authorized, in the discretion of the governing authorities, to purchase errors and omissions insurance for municipal officials and municipal employees.
This Court has consistently held that operating a fire department is a governmental function, rather than a proprietary function. White v. City of Tupelo, 462 So.2d 707 (Miss. 1984); City of Hattiesburg v. Geigor, 118 Miss. 676, 79 So. 846 (1918). In Smith v. City of West Point, 475 So.2d 816 (Miss. 1985), this Court recognized the validity of the above statute, but held that the insurance in effect in the City of West Point did not cover the occurrence of which appellant there was complaining. In the case sub judice, appellants charged in the complaint that appellee maintains general liability insurance which covers loss caused by the negligence of fire department employees. A copy of the policy of insurance was not exhibited to the complaint, nor was it introduced in the record. The court should have permitted development of that allegation in the complaint, though not in the presence of the jury.
Regardless of the provisions of § 21-15-6, an important question in this cause is whether or not the appellee owed appellants a duty to provide an efficient fire department for the protection of property in the City of Lexington, after having organized and established a city fire department. We are of the opinion that the facts should have been permitted to be developed in order to make that determination, based on the facts. In one factual situation, there may have been no duty, while in another, there may have been a duty.
The appellee contends, and argues, that the only duty owed by appellee to appellants was a general duty, owed to the public at large; and that before a cause of action accrues, there must be special duty owed by the City to the appellants, which is not involved in this action. There again, we think that the facts must be developed in order to make the determination.
In Williams v. City of Tuscumbia, 426 So.2d 824 (Ala. 1983), the Supreme Court of Alabama was confronted with an appeal of a summary judgment granted on behalf of the City in a suit for negligence in failing to immediately respond to the burning of a residential dwelling. That court rejected the general (public) duty distinction as against the special (private) duty distinction and reversed the summary judgment. However, the Alabama Court recognized that where there is judgment or discretion employed such as where the fire department responds to one of two simultaneous fires, then liability may be abrogated. We think that other factual situations, upon which we do not here speculate, could arise.
There is a growing trend in jurisdictions of the United States to abolish the distinction between general (public) duty and private duty. We find it unnecessary in this opinion to adopt or reject that distinction, if any. We think that, on the narrow question which we discuss here, the judgment of the lower court should be reversed and the case remanded for a full development of the facts. When the facts are known, the appellee may, or may not, be entitled to a directed verdict.
The judgment of the lower court is reversed and the cause is remanded.
REVERSED AND REMANDED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
PRATHER, J., not participating.