Ralph P. Weaver, Jr., Weaver Motor Company, Inc., and Universal Underwriters Insurance Company appeal from a judgment entered in the Circuit Court of Jackson County, Mississippi, dismissing their complaint against the City of Pascagoula and holding that the appellants were collaterally estopped by a prior judgment. The sole question presented is whether or not the lower court erred in dismissing the complaint. We answer the question in the affirmative and reverse and remand.
On April 7, 1979, a fire broke out at Montie's Sporting Goods in Pascagoula. The Pascagoula Fire Department responded, but the fire could not be contained. Montie's was destroyed, and the blaze spread to an adjacent business, Weaver Motor Co., which was also destroyed.
On July 25, 1979, Montie's brought suit against the City of Pascagoula for property damage and lost profits resulting from the fire department's alleged negligent conduct in fighting the fire. After a four-day trial, beginning June 12, 1980, the jury returned a verdict for the City.
Appellants brought the present action against appellee on February 21, 1985. The allegations in appellants' complaint were virtually identical with the allegations and issues raised in the Montie's trial almost five (5) years earlier. Both complaints alleged negligence on the part of appellee in
 (1) Failure to maintain sufficient water pressure
 (2) Failure to properly maintain hydrants
 (3) Failure to maintain sufficiently-pressurized water system
 (4) Failure to discover defective hydrant
 (5) Failure to determine location of fire
 (6) Failure to discover contents of building
 (7) Failure to know location of hydrants
 (8) Failure to promptly respond
 (9) Failure to provide fire-fighters with proper dress
 (10) Failure to properly supervise fire-fighters
Appellee moved for dismissal under Rule 12(b)(6). The motion was heard on March 21, 1986, and the trial judge sua sponte
brought up the point of collateral estoppel, which issue was neither raised in the motion nor argued at the hearing. The court took the motion under advisement, called for briefs on the question of collateral estoppel, and subsequently ordered that appellants were estopped by the prior judgment entered in the Montie's case, and, accordingly, dismissed appellants' complaint.
On this appeal, the appellee does not argue or pursue the theory of collateral estoppel upon which the lower court decided the case against appellants, but contends that the lower court's dismissal reached the correct result even if by the wrong approach and for the wrong reason, and that, under decisions of this Court, the correct conclusion should be affirmed. MonroeCounty Board of Education v. Rye, 521 So.2d 900 (Miss. 1988);Estate of Johnson v. Adkins, 513 So.2d 922 (Miss. 1987);Tedford v. Dempsey, 437 So.2d 410 (Miss. 1983).
We agree that the theory of collateral estoppel is misplaced and is not applicable here. Collateral estoppel binds only those who have already "had their day in court" regarding the particular issue. Any other application of collateral estoppel would result in a denial of due process for those neither party nor privy to the prior action. General Foods v. MassachusettsDept. of Public Health, 648 F.2d 784 (1st Cir. 1981); SouthwestAirlines v. Texas International Airlines, 546 F.2d 84 (5th Cir. 1977); Bronson v. Board of Education of the City School Districtof Cincinnati, 525 F.2d 344 (6th Cir. 1975); Gerrard v.Larsen, 517 F.2d 1127 (8th Cir. 1975); *Page 653 Humphreys v. Tann, 487 F.2d 666 (6th Cir. 1973) cert denied,416 U.S. 956, 94 S.Ct. 1970, 40 L.Ed. 307 (1974); Note,Collateral Estoppel of Non-Parties, 87 Harvard Law Review 1485, 1486-1501, especially note 89 (1974).
In Palmer v. Clarksdale Hospital, 213 Miss. 611, 57 So.2d 476
(1952), a woman sued the Clarksdale Hospital for personal injuries allegedly resulting from the hospital's negligent care while she was a patient. The jury found for the hospital. In a separate and subsequent suit, the woman's husband sued the hospital for loss of consortium in connection with his wife's injuries arising from the hospital's alleged negligence. The hospital raised the defense of collateral estoppel, claiming that since the issue of its negligence had been resolved in the suit brought by the wife, the husband was now precluded from relitigating this same issue. The trial court dismissed the husband's complaint with prejudice, and the Supreme Court reversed and remanded for trial.
This Court noted that the husband sued for loss of consortium while the wife sued for personal injury; that the husband's cause of action was personal to him while the wife's was personal to her; and that the husband was not a party to the wife's action against the hospital. Regarding privity the Court held that, even though the husband (appellant) employed the wife's attorney in the prior suit, he
 had no proprietary or financial interest in his wife's suit and . . . his participation therein was not for the promotion or protection of his own interests but was for the promotion and protection of his wife's interest. He had no lawful interest in or legal title to the claim on which his wife was suing. He had no right of control over his wife's suit. The claim on which she sued belonged to her individually and appellant was without proprietary or financial interest therein. We do not think, therefore, that appellant's connection with or participation in his wife's suit was of such nature as that he is bound by the judgment therein rendered.
213 Miss. at 623-24, 57 So.2d at 481.
In holding that the husband was not collaterally estopped by the prior judgment against his wife, this Court quoted "with approval" the following language from Kraut v. Cleveland RailwayCo., 132 Oh.St. 125, 5 N.E.2d 324 (1936):
 It often happens that when a tort has been committed several persons are injured by one negligent act. One may take as an illustration the wrecking of a bus through the negligence of the operator, which results in injury to several passengers. There is but one wrong committed and that is the tortious act of the driver; yet several actions may be brought as a result thereof. Each passenger injured has a separate right of action for the personal injury he sustains, and each right of action may be asserted in a separate suit; but all the causes of action are founded on the same wrong. So it is as to the two actions with which the court is concerned in the instant case. There was but one wrong, but from it sprang two separate and distinct rights of action, one in the husband and the other in the wife. Their actions are wholly distinct and separate from each other, and since there is no privity between them in the connection involved, an adjudication in one could not properly be res judicata in the other.
213 Miss. at 620-21, 57 So.2d at 480.
In the recent case of Davis v. City of Lexington,509 So.2d 1049 (Miss. 1987), this Court was presented with similar facts upon which the complaint was dismissed. The Court said:
 Regardless of the provisions of § 21-15-6, an important question in this cause is whether or not the appellee owed appellants a duty to provide an efficient fire department for the protection of property in the City of Lexington, after having organized and established a city fire department. We are of the opinion that the facts should have been permitted to be developed in order to make that determination, based on the facts. In one factual situation, there may have been no duty, while in another, there may have been a duty.
 * * * * * * *Page 654 
 There is a growing trend in jurisdictions of the United States to abolish the distinction between general (public) duty and private duty. We find it unnecessary in this opinion to adopt or reject that distinction, if any. We think that, on the narrow question which we discuss here, the judgment of the lower court should be reversed and the case remanded for a full development of the facts. When the facts are known, the appellee may, or may not, be entitled to a directed verdict.
509 So.2d at 1051.
In accord with Davis v. City of Lexington, supra, the judgment of the lower court is reversed and the case is remanded for a full development of the facts on the merits.
REVERSED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.