**Myrtis Faye TERRELL,**
**Plaintiff–Appellant,**

v.

**Raymond J. DeCONNA and DeConna**
**Ice Cream Company, Inc., et al.,**
**Defendants–Appellees.**

No. 88–4445.

United States Court of Appeals,
Fifth Circuit.

July 27, 1989.

C.R. McRae, Margaret P. Ellis, Pascagoula, Miss., for plaintiff-appellant.

W. Lee Watt, Raymond L. Brown, U.S. Fidelity and Guar. Co., Pascagoula, Miss., Victoria Jenkins, Fred Mannino, Biloxi, Miss., for defendants-appellees.

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Myrtis Faye Terrell sued Raymond DeConna and the DeConna Ice Cream Co. in an effort to recover under a Mississippi state law loss of consortium theory for injuries to her husband. She also sued United States Fidelity & Guaranty Co., seeking a declaration as to the insurance coverage applicable to DeConna and the ice cream company. The district court held that, under federal rules of issue preclusion, an earlier judgment in a suit brought by Myrtis Faye's husband, Ronald, against DeConna and the ice cream company barred Myrtis Faye from litigating the theories of liability which she had alleged against those two defendants. The earlier litigation had adjudged the DeConna Ice Cream Company not liable, while holding Raymond DeConna liable for negligence but not gross negligence.

After trial on damages only, the district court entered judgment for Myrtis Faye against Raymond DeConna for $35,000. After a separate bench trial on the insurance coverage issues, the district court found that the only policy which might have covered the judgment against Raymond had been exhausted by Ronald Terrell's earlier recovery.

Myrtis Faye now appeals from the judgment for the defendant ice cream company and the declaratory judgment regarding insurance coverage. She contends that the district court impermissibly relied upon the doctrine of issue preclusion with respect to both judgments. She also contends that the district court erred by denying her a jury trial on the insurance coverage issues, and that the court's reading of the insurance contracts was erroneous.

We find that the district court correctly applied issue preclusion to the claims against the ice cream company, and that the preclusion issues are moot with respect to the insurance coverage action because the court did not invoke issue or claim preclusion when disposing of that suit. We further find that Myrtis Faye had no right to a jury trial on her insurance coverage claims because the cause of action underlying the declaratory action was equitable. Finally, we find no error in the district court's construction of the insurance contracts. We therefore affirm the judgment of the district court.

I

Raymond DeConna was driving to college when he fell asleep at the wheel and collided with Ronald Terrell. The van which DeConna was driving at the time had apparently been used in connection with the family ice cream business—the DeConna Ice Cream Co., Inc.—and the van's ownership has been a matter of dispute. Ronald sued Raymond DeConna and the ice cream company, and the cause was heard by a federal court sitting in diversity. DeConna confessed negligence, but was absolved of gross negligence, and Ronald obtained a judgment against him in excess of

$240,000. Ronald sought to recover from the DeConna Ice Cream Company under negligent entrustment and vicarious liability theories, but the defendant ice cream company obtained a judgment in its favor on those issues. Raymond's insurance coverage was apparently exhausted at $100,000.

Myrtis Faye Terrell thereafter filed this suit for loss of consortium, again naming both Raymond DeConna and DeConna Ice Cream as defendants. Myrtis Faye also named United States Fidelity & Guaranty Co. as a defendant, seeking a judicial declaration that the accident injuring her husband was covered by policies not exhausted by the prior litigation. Myrtis Faye filed her suit in Mississippi state court, but the defendants removed to federal court.

The defendants sought to bar relitigation of issues decided in the prior suit. The district court, applying federal principles of issue preclusion, precluded relitigation of DeConna's liability and the ice cream company's liability.

The court severed the insurance coverage claims pursuant to F.R.Civ.P. 42(b), and set them for separate trial. The court denied Myrtis Terrell's request for a jury trial on the claims against the insurance company. After a bench trial, the court decided that the only insurance policy which might have applied to Myrtis Faye's recovery from Raymond was the individual policy of Vincent DeConna, Raymond's brother, but that the coverage limits of Vincent's policy had already been exhausted. The insurance coverage dispute turned in substantial part upon the ownership of the van driven by DeConna. The court heard evidence about the van's ownership, and eventually resolved the issue in accord with the findings made in the prior litigation. The parties dispute whether the court did, or could, rely on issue preclusion grounds for its resolution of the ownership question.

After trial on the damages issue only, judgment for $35,000 in damages was entered against Raymond DeConna. Judgment was entered in favor of the ice cream company.

To summarize, the procedural history of Myrtis Faye's suit in the district court was as follows. The district court first found the DeConna Ice Cream Co. not liable, and Raymond DeConna liable for negligence but not gross negligence, on grounds of issue preclusion and without holding any trial. The district court then severed the insurance coverage and damages suits. The insurance coverage suit was tried to the bench, despite Myrtis Faye's jury demand. The damages issue was tried separately. Because of the district court's findings with respect to issue preclusion, there was never any trial in Myrtis Faye's suit on the issues dispositive of her allegations of liability against the ice cream company.

On appeal, Myrtis contends that the requisite mutuality of parties is lacking, and so issue preclusion does not apply; that the ownership of the van was not fully litigated in the prior suit, and so should have been fully litigated in the second suit; that her demand for a jury trial on the claims for declaratory relief was improperly denied; and that the district court erred in its construction of the insurance contracts.

## II

At oral argument it developed that there was some ambiguity about what issues had actually been raised on appeal. We therefore begin by clarifying that matter. Myrtis Faye's notice of appeal sought review only of the insurance coverage judgment and the judgment for DeConna Ice Cream. No appeal was taken from the judgment against Raymond DeConna, and Raymond DeConna is therefore not a party to this appeal. Although Myrtis Faye's brief is devoted almost exclusively to analysis relevant only to the insurance coverage dispute, and although Myrtis Faye's repeated request for relief—included in both her summary of argument and her conclusion, as well as in the text of her brief—asks only that this court remand the insurance coverage issues for a jury trial, some of her arguments about issue preclusion could be applied to the district court's judgment in favor of the ice cream company. We therefore address the merits of Myrtis

Faye's arguments as applied to the ice cream company, as well as in their application to the insurance company.

### III

We begin with the appeal from the district court's order barring relitigation of the issues relevant to the ice cream company's liability. Two of Myrtis Faye's arguments appear applicable to that order. First, Myrtis Faye contends that the company waived the preclusion defense by failing to plead it. Second, she contends that there is insufficient mutuality of parties to justify the defensive use of issue preclusion by a non-party.

■ The waiver argument is without merit. The defendants specifically raised the defense of issue preclusion by a motion to dismiss. That motion was sufficient to raise the defense, and there was therefore no waiver. *See, e.g., American Furniture Co., Inc. v. International Accommodations Supply,* 721 F.2d 478, 482 (5th Cir. 1981); *Jones v. Miles,* 656 F.2d 103, 107–08 (5th Cir.1981).

■ With respect to the mutuality issue, Myrtis Faye contends that under Mississippi law "the issues in a loss of consortium case were to be determined wholly independent of any adjudication in the suit brought by the injured spouse, even to the extent that a loss of consortium action may be brought whether or not the injured spouse sues." The Fifth Circuit, however, has made clear that when a federal court renders a decision in a diversity case, the decision's preclusive effect is measured by federal principles of preclusion. *Aerojet–General Corp. v. Askew,* 511 F.2d 710, 716 (5th Cir.1975).

■ Under the federal rules of issue preclusion, a party is prevented from relitigating issues provided:

(1) that the issue at stake be identical to the one involved in the prior litigation;
(2) that the issue has been actually litigated in the prior litigation; and
(3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action.

*Wehling v. Columbia Broadcasting System,* 721 F.2d 506, 508 (5th Cir.1983).

■ Complete identity of parties in the two suits is not required. A preclusion defense, subject to certain conditions, may be invoked by a non-party against a party to the prior suit, and, in limited instances, against a non-party by a party to the prior suit. *See, e.g., Parklane Hosiery v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Here, a party to the first suit attempts to use issue preclusion defensively against a plaintiff who was not a party to the first suit. The imposition of a preclusive bar against a non-party to the original adjudication is limited for obvious reasons: a non-party has had no day in court. Nonetheless, there is a set of exceptions which permit use of a preclusive bar against a non-party. *See, e.g.,* C. Wright, *Law of Federal Courts* § 100A at 684–85 (4th ed. 1983).

■ A spousal claim for loss of consortium predicated upon an accident that formed the basis for an earlier suit by the injured spouse has been recognized by some courts as one such exception. There is no case directly on point from this Circuit. The general federal rule regarding the use of issue or claim preclusion against a non-party states that

First, a nonparty who has succeeded to a party's interest in property is bound by any prior judgments against that party.... Second, a nonparty who controlled the original suit will be bound by the resulting judgment.... Third, federal courts will bind a nonparty whose interests were represented adequately by a party in the original suit.

*Freeman v. Lester Coggins Trucking Co.,* 771 F.2d 860, 864 (5th Cir.1985), *quoting Southwest Airlines v. Texas International Airlines,* 546 F.2d 84, 95 (5th Cir.1977), *cert. denied,* 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977). Myrtis Faye is not the successor-in-interest to Ronald's personal claim; rather she raises her own, distinct claim. *See Palmer v. Clarksdale Hospital,* 213 Miss. 611, 57 So.2d 476 (1952) (one

spouse's personal injury claim and the second spouse's loss of consortium claim are distinct, personal actions). Nor was there evidence of actual control by Myrtis Faye over Ronald's suit. Thus, if the general *Southwest Airlines* test controls the issue preclusive effect of Ronald's litigation upon Myrtis Faye's suit, her claim would have to fall under the third, "virtual representation" prong of the analysis.

Virtual representation does not exist between two plaintiffs merely because they raise similar claims and employ the same counsel. Nor will these two elements in combination with a familial relationship between the plaintiffs suffice to establish virtual representation for issue preclusion purposes. *Freeman*, 771 F.2d at 860 (father who had previously lost suit based upon his own injuries not barred from relitigating issues in later suit on behalf of mother and children, where the second suit was premised upon a child's distinct injuries, and resulting death, from the same accident).

This court has repeatedly indicated that the "virtual representation" exception to the mutuality requirement "demands the existence of an express or implied legal relationship in which parties to the first suit are accountable to nonparties who file a subsequent suit raising identical issues." *Freeman*, 771 F.2d at 865 (citing cases). In this case, although the husband and wife are obviously joined by a legal relationship, there is no relationship which makes one the representative of the other for the purposes of the litigation at issue now.

The *Southwest Airlines* test cannot be the end of our inquiry, however, for although there is no relevant relation between the legal *parties*, there is a relationship between their interests, and more importantly, there is a legal, rather than simply factual relationship between their *claims*: in particular, Myrtis Faye's claim is derivative from Ronald's. *Chocktaw, Inc. v. Wichner*, 521 So.2d 878 (Miss.1988) (loss of consortium claim is derivative from the claim of the injured spouse). That distinguishes this case from *Freeman* wherein the family members had distinct claims

which were *factually* related but were not *legally* derivative from one another.

This distinction is reflected in the *Restatement (Second) of Judgments* (1982), which forms the basis for the doctrine developed from *Southwest Airlines*. The rationale of the exceptions discussed in *Southwest Airlines* derives from *Restatement* §§ 30, 31, 34, and 39–41. *See Hardy v. Johns–Manville Sales Corp.*, 681 F.2d 334, 339 (5th Cir.1982) (explaining *Southwest Airlines*); *Southwest Airlines*, 546 F.2d at 96 & n. 42 (citing the draft version of the *Restatement*). These sections of the *Restatement* fall within a topic of the *Restatement* titled "Parties and Persons Represented by Parties." The issues now before us, pertaining to legally related claims rather than legally related parties, are governed instead by the immediately following *Restatement* topic, titled "Substantive Legal Relationships Resulting in Preclusion," and by *Restatement* § 48 in particular.

In § 48(2), the *Restatement* speaks to exactly the point at issue here, and announces an issue preclusive bar against the spouse bringing the second suit:

> When a person with a family relationship to one suffering personal injury has a claim for loss to himself resulting from the injury, the determination of issues in an action by the injured person to recover for his injuries is preclusive against the family member, unless the judgment was based on a defense that is unavailable against the family member in the second action.

This rule applies *issue* preclusion to the derivative claims of the second spouse, but does not speak of *claim* preclusion. The difference will, of course, be important in instances when the first spouse was victorious on the issues litigated, or when the second spouse asserts theories of liability not litigated in the first case.

The commentary of Professor Wright and his colleagues sheds additional light on the matter. They state that

> The traditional rule has been that even after the injured spouse has lost an action to recover for personal injuries, the

other spouse may maintain an action for loss of consortium free from any claim or issue preclusion. Modern decisions, however, have increasingly adopted the view that loss by the injured spouse establishes issue preclusion in a subsequent action by the other for loss of consortium. A small number of decisions have gone one step further to rule that a claim for loss of consortium can be pursued only if it is joined in the action brought by the injured spouse. As to claims for loss of consortium, this mandatory party joinder response may be the best method of avoiding unnecessary duplicate litigation. Wright, Miller & Cooper, 18 *Federal Practice and Procedure* § 4459 at 525–26.

■ We find that the *Restatement* rule appropriately reflects the principles underlying the federal law of issue preclusion. Although close family relationships will not alone suffice to establish privity between successive parties for purposes of issue or claim preclusion, the relevant considerations differ when, as in this case but unlike in *Freeman,* the successor plaintiff's claims are also derivative from the first plaintiff's claims. In that instance, we will apply the *Restatement* rule, and permit the twice-sued defendant to raise issue preclusive defenses in the subsequent suit by a spouse raising derivative claims.

Finally, because Myrtis Faye apparently seeks to rely on the Mississippi law of issue preclusion, we note that there is no tension here between, on the one hand, *Aerojet*'s rule requiring that federal decisions in diversity cases be given preclusive effect according to federal rules of preclusion, and, on the other hand, the rule of *Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requiring that state law govern substantive issues in diversity cases. To begin with, the *Erie* issues attendant upon determination of a federal diversity judgment's preclusive effect were for the most part resolved, for purposes of this Circuit's law, by *Aerojet* itself.

Some commentators have suggested that application of the *Aerojet* rule may have to be tempered by a sensitivity to substantive policy concerns underlying the distinctions in state claim preclusion doctrine. *See* Wright, Miller & Cooper, 18A *Federal Practice and Procedure* § 4472 at 732–34. This case might first appear to raise problems of this sort, since Mississippi has apparently held that because the personal injury and loss of consortium claims of two spouses are distinct, a subsequent loss of consortium suit is not subject under Mississippi law to any preclusive bar—whether issue preclusive or claim preclusive—resulting from the injured spouse's prior suit. *Palmer v. Clarksdale Hospital,* 213 Miss. 611, 57 So.2d 476 (1952). Although the recent case of *Chocktaw, Inc. v. Wichner,* 521 So.2d 878 (Miss.1988), has been cited to us for the proposition that Mississippi has since altered its rule and recognized the possibility of issue preclusion against the second-suing spouse, *Chocktaw* appears to decide only the relationship between the substantive defenses available against the distinct personal injury and loss of consortium claims. *Chocktaw,* which cited *Palmer* with approval, 521 So.2d at 880–81, does not appear to involve preclusion issues at all, since in *Chocktaw* the two spouses brought their claims together, in the same complaint. 521 So.2d at 879. *Chocktaw* decided only that the defense of contributory negligence was not personal to the injured spouse, but ran against both spouses. Nor does it seem possible to limit *Palmer* to claim preclusion, rather than issue preclusion, in light of the very recent decision in *Weaver v. City of Pascagoula,* 527 So.2d 651, 653 (Miss.1988), following *Palmer* with respect to questions of issue preclusion.

Nonetheless, even were we not bound, as we are, to follow *Aerojet,* we see no conflict between *Erie* and our application of federal claim preclusion rules in this case. First, the federal rules of preclusion are themselves sensitive to the substantive distinctions of state law, as they of course must be. Our discussion above, which makes reference to the state law relationships between the parties and their claims, makes this sensitivity clear. Thus, although we apply federal rather than Mississippi principles of preclusion, those principles direct us back to Mississippi law for

the resolution of the relevant substantive issues.

Moreover, Mississippi's substantive distinctions are preserved along lines articulated by the First Circuit in *Roy v. Jasper Corp.*, 666 F.2d 714, 716–18 (1st Cir.1981) (applying New Hampshire's law of preclusion): where substantive state law recognizes a distinction between two causes of action, it is possible to honor that distinction by permitting the cause to go forward while at the same time respecting concerns for litigational economy by applying issue preclusion. That is, one may impose an *issue* preclusive bar but not *claim* preclusive bar, as the Restatement suggests and as was done here and in *Roy*. No *Erie* issue at all is implicated if the federal courts differ from the state courts only with respect to the issue preclusive effect of the prior litigation, and so do not undermine that state's substantive distinctions among causes of action. *But see Aerojet*, 511 F.2d at 718 (applying federal rules of claim preclusion).

In this case, Myrtis Faye sought to hold the ice cream company liable only on the basis of theories already fully litigated in Ronald's earlier suit: negligent entrustment and agency. Both issues were determined adversely to Ronald, and both were essential to the first court's order entering judgment for the ice cream company against Ronald. The second district court so found, and Myrtis Faye has nowhere argued to the contrary. We therefore uphold the district court judgment determining that the ice cream company is not liable to Myrtis Faye.

## IV

### A. Issue Preclusion in the Coverage Suit

Myrtis Faye also contends that the district court improperly applied the doctrine of issue preclusion in order to decide ownership of the van for purposes of the insurance coverage litigation. In addition to arguing mutuality issues similar to those discussed above, Myrtis Faye contends that the ownership question was not essential to the judgment entered by the district court in her husband's suit, and so has not been conclusively determined.

We find it unnecessary to deal with the merits of this argument, because the district court did not in fact rely upon preclusion considerations when adjudicating the van ownership issue in the insurance coverage litigation.

In footnote five of its opinion addressing Myrtis Faye's insurance coverage claims, the district court concedes that the finding with respect to ownership was not essential to the judgment in the first litigation. The court goes on to say that it heard evidence with respect to the issue of ownership, and eventually rules in accordance with the first court's suggestion—not because of issue preclusion, but rather because the second court agreed with the first. The preclusion issue would presumably become important only if the ownership issue should have been tried to a jury, since preclusion would then dispose of fact issues that might otherwise exist and necessitate a remand.

### B. Jury Trial

The district court, relying on the test of *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), decided that the declaratory action to determine coverage under the insurance contracts was essentially equitable in nature, sought no money damages, and so did not give the plaintiff a right to a jury trial. We agree. Under *Ross*, the propriety of a bench trial is to be judged according to (1) the customary manner of trying such a cause before the merger of law and equity, (2) the type of remedy sought, and (3) the practical abilities and limitations of juries. *Ross*, 396 U.S. at 538 n. 10, 90 S.Ct. at 738 n. 10. As the district court correctly noted, an action for declaratory relief can be either legal or equitable, depending upon whether the action is simply an inverted lawsuit for legal relief or the counterpart of a suit in equity.

In order to apply these rules, we turn to Mississippi law in order to identify the non-declaratory antecedent to Myrtis Faye's insurance coverage suit. In the recent case

of *Westmoreland v. Raper,* 511 So.2d 884, 885 (Miss.1987), the Mississippi Supreme Court reiterated its rule barring direct actions against insurance companies by third parties, and rejected the argument that recent changes to the Mississippi rules of civil procedure had alleviated the restriction. A non-declaratory suit by Myrtis Faye against USF & G would thus necessarily come under Mississippi's garnishment statutes, and would be tried to the court. Miss.Code Ann. §§ 11–35–1, 11–35–45. We therefore find that since there is no jury right attaching to the cause underlying the declaratory suit here filed, there is likewise no jury right with respect to the declaratory action. The factual issues relevant to the issue of insurance coverage—including the issue of van ownership—were thus appropriately tried to the court.

## V

Finally, Myrtis Faye contests the district court's interpretation of the insurance contracts. The district court found that Florida law governed the meaning of the contracts, a conclusion apparently accepted by both parties.

Three policies were implicated by Myrtis Faye's claim: a "master policy" listing Don DeConna, Louisa DeConna, John F. DeConna, DeConna Ice Cream Co., Inc., and DeConna Leasing and Sales, Inc., as named insureds; an "individual policy" for Vincent DeConna; and an "excess indemnity policy." The district court determined as a factual matter that the van was owned either by Raymond or Vincent DeConna, and not by any insured named in the master policy. The court then concluded as a matter of law that the master policy would not govern any judgment against Raymond for the injuries to Ronald. The court concluded that there was likewise no coverage under the excess policy, because the excess policy applied to liability covered by the master policy, but not to liability covered by Vincent's individual policy. Finally, the court concluded that even if Vincent's individual policy covered the judgment against Raymond, the liability limits upon the policy had been exhausted by the judgment in

favor of Ronald Terrell. The court therefore concluded that there was no applicable coverage.

Myrtis Faye's arguments respecting interpretation of the contracts are wrapped up with, and difficult to disentangle from, her arguments about the ownership of the van. Separating the arguments as best we can, we find no error in the district court's interpretation of the contracts.

■ First, insofar as Myrtis Faye challenges the district court's findings with respect to van ownership, her arguments are without merit. Under Florida law, legal title alone is not determinative of ownership; rather, ownership is a factual issue to be resolved on the basis of the facts and circumstances of any given case. *See, e.g., McCall v. Garland,* 371 So.2d 1080, 1082 (Fla.App. 4th Dist.1979) (citing cases). The district court's disposition of the ownership question in this case therefore enjoys the protection of the "clearly erroneous" standard. Myrtis Fay recites evidence favorable to her position. The district court, however, relied primarily on other evidence showing that ownership of the van had been transferred to Vincent through a lease-purchase agreement, even though the title had never been formally transferred. In light of this evidence, we see no ground for disturbing the district court's factual findings.

Second, Myrtis Faye's objections to the district court's construction of the insurance contracts are likewise without merit. The district court found that Raymond DeConna was not himself a named insured under the master policy, and that the van was not owned by a named insured because it was owned either by Raymond or Vincent—neither of whom was a named insured. As the insurance company points out in its brief, Myrtis Faye's arguments pertinent to the master policy are based upon the wrong textual provision. The district court identified the correct provision, and we find no defect in its interpretation of the provision. Myrtis Faye's efforts to bring the judgment within the policy by showing that Vincent was an officer of the corporation, and by assuming that he

owned the van, are unavailing, since the relevant clause of the policy (clause (b) of the "Bodily Injury Liability" provision) would require both that Raymond—not Vincent—be an executive or officer of the company, and that the vehicle be in use for business purposes at the time of the accident.

Myrtis Faye's attempts to benefit from the excess liability policy are likewise unsuccessful because she fails to explain how that policy can apply if the master policy does not. Finally, Myrtis Faye's arguments about the individual policy of Vincent DeConna are not responsive to the district court's conclusion that the coverage limits of that policy had been exhausted.

## VI

For the reasons given, the judgment of the district court is, in all respects,

AFFIRMED.