**STANLEY TOOLS, A Product Group of the Stanley Works**

v.

**MADISON MILLS, INC.**

No. Civ.A.00–1023.

United States District Court, E.D. Louisiana.

June 27, 2000.

Steven Barth Witman, Law Offices of Steven B. Witman, Metairie, LA, for Plaintiff.

Gerald A. Melchiode, Scott J. Bradley, Galloway, Johnson, Tompkins & Burr, New Orleans, LA, for Defendant.

BARBIER, District Judge.

Before the Court is defendant's **Motion to Dismiss, or in the alternative, Motion for Summary Judgment** (Rec.Doc. 3). Plaintiff opposes the motion. The motion, set for hearing on June 7, 2000, is before the Court on briefs without oral argument.

For the following reasons, the Court finds that the principle of issue preclusion bars the re-litigation of the seminal factual issue in this case, and, therefore, this matter must be dismissed.

## BACKGROUND

This is an action for indemnity and contribution brought by Stanley Tools ("Stanley") in an effort to recover damages awarded against Stanley in the lawsuit *Emmett Hyde v. Stanley Tools*, 98–2757, Section J. *Complaint*, ¶ VIII. In *Hyde*, a products liability suit with subject matter jurisdiction premised on diversity, the jury rendered judgment in favor of Hyde and against Stanley in the amount of $94,-836.09, finding that Stanley was liable as the manufacturer of a defective hammer which caused Hyde substantial injury to his eye. *See Hyde*, 98–2757 (E.D. La. Judgment dated April 25, 2000). Stanley bases its entitlement to recovery upon the allegation that the defective hammer which caused plaintiff's injuries in *Hyde* was not manufactured by Stanley but, rather, by Madison Mills ("Madison"), which was not a party in *Hyde*.

In *Hyde* the issue of whether Stanley manufactured the hammer was decided pre-trial by the Court on Hyde's Motion for Partial Summary Judgment. *Hyde v.*

*Stanley Tools*, 992 F.Supp.2d 107 (E.D.La. 2000). In granting the motion, and finding that the hammer was manufactured by Stanley, the Court made two critical rulings.[1] First, this Court ruled that Stanley could not introduce its expert Kenneth Hreha's affidavit and report which concluded that the hammer was not manufactured by Stanley because introduction of these materials would undermine the purpose of a Rule 30(b)(6) deposition and, in particular, the earlier deposition of Stanley's engineer Russell Powers in which he unequivocally testified that the hammer was manufactured by Stanley. *Id.* at 110. Without a reasonable explanation for the contradictory evidence, this Court followed the rule in this Circuit that a party can not submit self-serving evidence which plainly contradicts earlier sworn testimony in an effort to defeat a pending motion for summary judgment. *Id.* at 109. After excluding Hreha's affidavit and report, this Court made the second and ultimate ruling, finding that, without any evidence to the contrary, the hammer was manufactured by Stanley. *Id.* at 110.

## DISCUSSION

In its motion, Madison argues, *inter alia*, that this matter should be dismissed because Stanley's claim is judicially barred by the doctrine of collateral estoppel, also referred to as issue preclusion. Madison maintains that this Court has already decided the seminal issue in this case, whether Madison manufactured the hammer which caused Hyde his injuries, when it ruled on summary judgment in *Hyde* that Stanley manufactured the hammer.

Stanley counters that the issue of whether Stanley manufactured the hammer in *Hyde* was never actually litigated and cannot support a claim of issue preclusion. Specifically, Stanley asserts that this

---

1. By granting the motion, the Court reversed its earlier ruling, denying the motion, based upon "further contemplation of the purpose of a Rule 30(b)(6) deposition." *Hyde,* 107 F.Supp.2d at 109.

Court's grant of summary judgment on the issue of the hammer's manufacturer constituted a "technicality" as it disallowed the jury the opportunity to consider the issue. Furthermore, a finding of issue preclusion would unfairly prejudice Stanley by foreclosing any "opportunity to appeal the rulings and jury verdict in the *Hyde* case...." *Plaintiff's Memorandum in Opposition,* at 6, ¶ 1.

■ "[W]hen a federal court renders a decision in a diversity case, the decision's preclusive effect is measured by federal principles of preclusion." *Terrell v. DeConna,* 877 F.2d 1267, 1270 (5th Cir.1989). Issue preclusion prevents re-litigation upon the Court's finding of three elements: "(1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue has been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action." *Id.* (quoting *Wehling v. Columbia Broadcasting System,* 721 F.2d 506, 508 (5th Cir. 1983)). "A preclusion defense, subject to certain conditions, may be invoked by a non-party against a party in the prior suit...." *Id.* (citing *Parklane Hosiery v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)).

It is without question, and Stanley does not dispute it, that the first and third elements for issue preclusion are satisfied in this case. Under the first element, the Court found in no uncertain terms in its April 7, 2000 minute entry that Stanley manufactured the hammer. As to the third element, the jury's determination of liability necessarily entailed a finding that Stanley manufactured the hammer. It is immaterial that the Court, and not the jury, made the finding of liability on which the jury's verdict rests.

■ It is the second element, whether the issue was "actually litigated," with which Stanley takes exception. Stanley argues that the issue of product identification was not actually litigated because it was not presented to the jury. The Court finds Stanley's argument unpersuasive. The "actually litigated" requirement does not necessitate that the issue be disposed of at trial. Rather, to satisfy the "actually litigated" requirement, the issue need only be presented to the adverse party with the full opportunity and motive for the adverse party to contest it. *Harris Trust & Savings Bank v. Ellis,* 810 F.2d 700, 705 (7th Cir.1987) ("When one party introduces evidence on a dispositive issue of fact, and an adverse party with opportunity and motive to contest the presentation chooses not to, the ensuing finding is entitled to the same respect as one litigated to the hilt."). Consequently, it does not matter that the issue was disposed of pursuant to a pre-trial motion by the Court. *Keystone Shipping Co. v. New England Power Co.,* 109 F.3d 46, 50–52 (1st Cir.1997).

In *Hyde,* this Court ruled upon the issue of product identification pursuant to Hyde's motion for partial summary judgment. Stanley can hardly argue that it was not given an opportunity to argue the issue of product identification. Stanley filed an opposition and a supplemental memorandum in opposition to Hyde's motion. Both sides presented evidence and arguments in support of their positions.

Stanley's argument that applying issue preclusion to this case would "unfairly prejudice" it is likewise unpersuasive for two reasons. First, Stanley does not enunciate the specific reasons for the conclusion that it would be "unfairly prejudiced," except to state that applying issue preclusion would deny it the opportunity to appeal the jury's decision in *Hyde* and to present evidence as to the actual manufacturer of the hammer.[2] The Court sees no

**2.** The Court is also left to wonder, since Stanley only hints as such in its brief, whether Stanley perceives this Court's ruling on prod-

uct identification in *Hyde* as an unjust "sanction." Although not revisiting its earlier ruling, the Court simply notes that even if the

logic in this position, since the Court's ruling on this issue, and dismissal of this matter, has absolutely no bearing on the merits or posture of the appeal of *Hyde.* As for denying the presentation of evidence of the actual manufacturer of the hammer, the Court need only note that in *Hyde* Stanley presented evidence on this issue and the Court made its ruling on Hyde's motion for partial summary judgment. In short, neither of these reasons rise to the level of "manifest injustice" nor do the reasons "violate an overriding public policy"—two showings which, if met, would defeat the application of issue preclusion. *Moch v. East Baton Rouge Parish School Bd.,* 548 F.2d 594, 597 (5th Cir.1977). Second, although Stanley may feel slighted by precluding re-litigation of this issue, the application of issue preclusion in this matter is wholly consistent with the doctrine's equitable and economical nature of protecting against the expense and vexation of multiple lawsuits on the same issue.

Consequently, because Stanley is precluded from re-litigating the crucial issue of which company manufactured the defective hammer, Madison is entitled to summary judgment, as there is no genuine issue of material fact to this issue. Accordingly,

**IT IS ORDERED** that Madison Mills' Motion for Summary Judgment in the above captioned matter should be and is hereby **GRANTED** and that all claims against Madison are **DISMISSED.**

preclusion of Hreha's deposition was a sanction, issue preclusion would still apply. *In re Daily,* 47 F.3d 365 (9th Cir.1995) (precluding the re-litigation of claims which were the subject of an earlier suit which was dismissed for failure to comply with discovery).