IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50545
Conference Calendar
_____

WILBERT ANTONIO COLEMAN, Pastor,

Plaintiff-Appellant,

versus

DISABLED AMERICAN VETERANS,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CV-481-EP
--------------------
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Wilbert Antonio Coleman has appealed the district court's order and judgment granting the motion to dismiss filed by the Disabled American Veterans ("DAV") and dismissing his complaint as frivolous. Because the district court considered matters outside of the pleadings, we construe the district court's order as granting summary judgment under Fed. R. Civ. P. 56. See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1283-84 (5th Cir. 1990). This court reviews an order granting summary judgment de

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

novo, examining the evidence in the light most favorable to the non-moving party. Abbott v. Equity Group, Inc., 2 F.3d 613, 618-19 (5th Cir. 1993).

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). The parties to the first and subsequent suit must be identical or in privity, judgment in the prior suit must have been rendered by a court of competent jurisdiction, the prior action must have been concluded on the merits, and the same claim or cause of action must be involved in both suits. See Russell v. SunAmerica Securities, Inc., 962 F.2d 1169, 1172 (5th Cir. 1992). Coleman's arguments on appeal implicate the first and fourth prongs of this test.

Both Coleman and the DAV were involved in the prior lawsuit. See Terrell v. DeConna, 877 F.2d 1267, 1270 (5th Cir. 1989). Both lawsuits involve Coleman's contention that the DAV persisted in representing him in his disability claim, notwithstanding the revocation of his power of attorney. See Ellis v. Amex Life Ins. Co., 211 F.3d 935, 938 (5th Cir. 2000). The district court did not err in granting the DAV's motion for summary judgment and in dismissing the complaint under the doctrine of res judicata.

Because the appeal is frivolous,

IT IS ORDERED that the appeal is DISMISSED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5th Cir. R. 42.2.

This is not Coleman's first frivolous appeal. See Coleman v. United States Department of Veterans Affairs, No. 98-50168

(5th Cir. Oct. 20, 1998) (unpublished; sanction warning issued); Coleman v. Department of Veterans Affairs, No. 98-50736 (5th Cir. Feb. 10, 1999) (unpublished; $105 sanction imposed); see also Coleman v. Department of the United States Air Force, No. 99-51176 (5th Cir. July 28, 2000) (unpublished; $750 sanction imposed).  Accordingly,

IT IS FURTHER ORDERED that Coleman is sanctioned $750.  This sanction must be paid to the clerk of this court.  The clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any pro se civil complaint or appeal by Coleman unless he submits proof of satisfaction of this sanction.

APPEAL DISMISSED; SANCTION IMPOSED.