# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 8, 2010

No. 10-30230
Summary Calendar

Lyle W. Cayce
Clerk

CHESAPEAKE LOUISIANA, L.P.,

                    Plaintiff - Appellee

v.

PETROHAWK PROPERTIES, L.P.,

                    Intervenor Plaintiff - Appellant

v.

PATSY BISON STOCKMAN; LEE WELDON STOCKMAN,

                    Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CV-1312

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

    Petrohawk Properties appeals from a consent judgment. Chesapeake

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Louisiana, L.P. filed a motion to dismiss the appeal for lack of standing. We GRANT Chesapeake's motion and DISMISS the appeal.

This appeal is from a consent judgment in a declaratory judgment action brought by Chesapeake against the Stockmans. Chesapeake sought a declaration of the continuing validity of a mineral lease granted by the Stockmans to Chesapeake's predecessor in title. Petrohawk moved to intervene. It claimed a lease on the same minerals that had been publicly recorded prior to the recording of Chesapeake's lease. Petrohawk was permitted to intervene, but the intervention occurred on the eve of trial. Petrohawk was unwilling to consent to that immediate of a trial. The district court thus severed Petrohawk's claim, allowing the original suit to be tried.

After trial but before the court rendered judgment, Chesapeake and the Stockmans reached a settlement. They agreed that Chesapeake's lease was enforceable between those two parties. Chesapeake and the Stockmans submitted a proposed consent judgment. Petrohawk, severed from the case between those two, appeared and objected to the judgment. It requested that the judgment state that it did not affect the right of Petrohawk to litigate its claims to a valid lease. The district court denied the request, stating in its order entering judgment that the "consent judgment clearly states that [the] Lease and Addendum in question are in full force and effect *between the parties of the captioned matter* – Chesapeake Louisiana, L.P. and Lee Weldon Stockman and Patsy Bison Stockman."

Before this court, Chesapeake argues that Petrohawk lacks standing to appeal. Non-parties generally cannot appeal a district court judgment. *Castillo v. Cameron County, Tex.*, 238 F.3d 339, 348 (5th Cir. 2001). An exception applies when "the non-parties actually participated in the proceedings below, the equities weigh in favor of hearing the appeal, and the non-parties have a personal stake in the outcome." *Searcy v. Phillips Elec. N. Am. Corp.*, 117 F.3d 154, 157 (5th Cir. 1997).

We apply this test.  First, although Petrohawk Properties intervened shortly before trial, it participated neither in the trial nor in the negotiations for a settlement that resulted in the judgment.

Second, as to the equities, Petrohawk was severed from the case after refusing to agree to the scheduled trial date.  Neither party to the consent judgment has appealed.  Petrohawk's rights remain to be considered in the severed case.  The equities weigh against allowing Petrohawk to appeal.

Under the third factor, Petrohawk must show it has a personal stake in the outcome.  Petrohawk's claims are based on a priority it contends exists from its lease being recorded prior to the one under which Chesapeake claims.  The consent judgment merely adjudicated the validity of the Chesapeake lease as to any challenge by the Stockmans.  Petrohawk's claims are not affected by the judgment.  *See Terrell v. DeConna*, 877 F.2d 1267, 1270 (5th Cir. 1989) (examining the general federal rule as to issue and claim preclusion against a nonparty).  Petrohawk's claims may now be addressed in the district court. *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993).

Chesapeake's motion is GRANTED and the appeal is DISMISSED.